[No. 2949. Decided June 14, 1898.]

THE STATE OF WASHINGTON, *Respondent*, v. ELMER GIFFORD, *Appellant*.

RAPE — ACCESSORY BEFORE THE FACT — SUFFICIENCY OF INFORMATION — RIGHTS OF ACCUSED.

One guilty as an accessory to the crime of rape by procuring its commission by another cannot be convicted under an information charging him as a principal with the commission of the crime by having carnal knowledge of the prosecutrix, as such an information would be in violation of his constitutional right (art. 1, § 22) to be informed of the nature and cause of the accusation against him.

The object of the statute (Code Proc., § 1189; Bal. Code, § 6782) abolishing the distinction between principals and accessories before the fact, so far as their trial and punishment are concerned, was to do away with the technical hindrances which before existed in relation to the trials of accessories, to provide for the indictment and trial of an accessory though the principal had been acquitted and to make an accessory before the fact the same as a principal, so far as the mode, manner, time of trial and extent of punishment are concerned.

Appeal from Superior Court, Spokane County.—Hon. THOMAS H. BRENTS, Judge. Reversed.

*Del Cary Smith*, and *Fenton & O'Brien*, for appellant.

*John A. Pierce*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

DUNBAR, J.—An information was filed by the prosecuting attorney of Spokane county against the appellant, charging him with the crime of rape. Upon trial of the cause, the defendant was found guilty as charged in the information, and was sentenced to the penitentiary for life.

A motion was made to quash the information for the reason that the state was not entitled to prosecute the ap-

pellant herein by information. We have decided this question adversely to appellant's contention so often that we decline to enter into its investigation again.

A demurrer was also interposed to the information; appellant contending that it is not direct and certain as regards either the party charged, the crime charged, or the particular circumstances of the crime charged, and that the information did not inform the appellant of the nature and cause of the accusation against him. The material part of the information is as follows:

" Elmer Gifford is hereby charged with a public offense, to-wit, the crime of rape, committed as follows, to-wit: That on the 7th day of July, A. D. 1897, and within three years next before the filing of this information, at the county of Spokane and state of Washington, the said defendant, Elmer Gifford, then and there in the said county and state being, then and there unlawfully and feloniously did carnally know one Flossie Fuller, the said Flossie Fuller then and there being a female child under the age of eighteen years, and not the wife of the said Elmer Gifford—contrary to the statute," etc.

We hardly see how the information could have been more definite and certain in regard to the crime charged or the party charged, or the particular circumstances of the crime charged; and, that being true, we think the information informed the appellant of the nature and cause of the accusation against him, and that the demurrer was therefore properly overruled.

The testimony, however, showed that the appellant was an accessory before the fact to the crime of rape. Testimony was introduced to show that he acted as a procurer; that he sent men to the rooms of the prosecuting witness, and aided and abetted them in committing the crime charged upon her. Timely objections were made to the introduction of this testimony; the appellant contending

that he had no notice of the actual crime which was proven against him. But the court overruled the objections to the testimony, on the strength of a decision of this court (viz., *State v. Duncan*, 7 Wash. 336; 35 Pac. 117; 38 Am. St. Rep. 888), the testimony was admitted, and it was upon this character of testimony that the appellant was convicted. It was held by this court in *State v. Duncan, supra*—which was a larceny case—that, under the statute abrogating the distinction between an accessory before the fact and a principal, it was sufficient to charge the principal offense, and that testimony could be rightfully admitted, under such an indictment, showing that the defendant was an accessory before the fact. Upon more mature consideration, we think that case ought to be overruled; and, in any event, it seems that it would be an inconsistent rule to apply to the case at bar. The indictment in this case charges the offense of rape. Not only that, but it sets forth how the crime was committed, viz., by having carnal knowledge of Flossie Fuller. The constitution, in § 22 of article 1, which is the declaration of rights, provides that in criminal prosecutions the accused shall have a right to demand the nature and cause of the accusation against him. Surely, in this case, and under the direct language of this indictment, the appellant was not informed of the nature or cause of the accusation against him as it was developed at the trial. Our code provides that the act or omission charged as the crime must be clearly and distinctly set forth, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. In other words, the law provides for a statement of facts. If the requirements of the law are that the indictment must be direct and certain as regards the particular circumstances of the crime charged, then it certainly must follow that the proof must correspond with the allegations of the indict-

ment; for it cannot be said that the indictment in this case furnished the defendant with any notice that proof would be offered charging him with procuring others to commit the crime of rape upon this prosecuting witness, and it is not the policy of the law to compel persons charged with a crime to enter upon their defense without knowledge of the character of proof which they will be compelled to meet. This man was charged with committing the crime of rape upon this girl by having carnal knowledge of her. That was the act which presumably he would rely upon the state's proving, and a defense of this action would be what a man of ordinary understanding would think it his duty to make. Suppose that, when this information was served upon the appellant, he was innocent of the crime charged, and also innocent of being an accessory before the fact; the crime would feel assured that he could prove an alibi by proving that he was at that time in Seattle, or some other distant place. Certainly he would feel secure in resting upon such proof, and would have no notice whatever that he was to prepare for a defense for the crime of procuring. Again, showing how ridiculous the application of the rule contended for by the state would be to a case of this kind, suppose a woman should be charged with the crime of committing rape upon another woman, in the language and with the particularity with which the crime is charged in this information. The information would certainly be subject to a demurrer, for it would show on its face a physical impossibility. It is true that § 1189 of the Code of Procedure (Bal. Code, § 6782) provides that

" no distinction shall exist between an accessory before the fact and a principal, or between principals in the first and second degree, and all persons concerned in the commission of an offense, whether they directly counsel the act

constituting the offense, or counsel, aid and abet its commission, though not present, shall hereafter be indicted, tried and punished as principals."

But we think that this provision of the law must be construed in connection with the provision of the constitution just above quoted, and the other provisions in relation to the qualifications of an indictment which we have before pointed out, and that the object of this statute was to do away with some of the technical hindrances which before existed in relation to the trials of accessories, and that it was the intention, under this statute, that the defendant might be indicted and tried even though the principal had been acquitted, and to make an accessory before the fact the same as a principal, so far as the punishment was concerned, and so far as the mode, manner, and time of trial were concerned. But we do not think it was the intention of the legislature, in the passage of this law, to set a trap for the feet of defendants. The defendant enters upon the trial with the presumption of innocence in his favor, and if he were called upon to blindly defend against a crime of which he had no notice, and which, we think, would be the result of the strict construction of this law contended for, the law itself would be unconstitutional; and any departure from the plain provision of the code, which provides, in substance, for a statement of facts in the indictment, endangers the liberty of the subject. The accused may be indicted, and must be, under the provisions of this law, as a principal, but the acts constituting the offense must be set forth. For instance, in this case the indictment should have charged the appellant with the crime of rape, " committed as follows: By procuring," etc., instead of by alleging another and entirely different state of facts.

The conclusion which we have reached, viz., that there was a fatal variance between the allegations and the proof,

renders unnecessary a discussion of the other errors alleged. The judgment will be reversed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.