[No. 3110.    Decided July 15, 1899.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
PERCY MORGAN, *Appellant*.

CRIMINAL LAW—PLEADING AND PROOF—VARIANCE—ACCESSORIES.

Under Bal. Code, § 6842, providing that "the indictment must
be direct and certain, as it regards the particular circumstances
of the crime charged," there is a fatal variance, when the evidence
shows that one charged with burglariously breaking and entering
a dwelling house was an accessory to the crime, but in fact not
present at its commission.

Appeal from Superior Court, Walla Walla County.—
Hon. THOMAS H. BRENTS, Judge.  Reversed.

*Edgar Lemman,* for appellant.

*F. B. Sharpstein,* Prosecuting Attorney, and *C. M.
Rader,* for the State.

PER CURIAM.—Appellant and two others, Elworth and
Sims, were jointly charged with the crime of burglary,
committed in Walla Walla on March 27, 1898.   The in-
formation charged the facts as follows:

" The said John Elworth, James H. Sims and James
Percy Morgan on the 27th day of March, 1898, in the
county of Walla Walla aforesaid, then and there being
in the night time of said day, a certain house then and
there   .   .   .   the dwelling house of said Mrs. N. E.
Koontz, did wilfully, unlawfully, feloniously and bur-
glariously break and enter with intent then and there the
personal goods and property   .   .   .   wilfully, unlaw-
fully, feloniously and burglariously to steal, take and carry
away," etc.

The appellant had a separate trial.   There was testi-
mony tending to show that appellant came to Walla Walla
in company with the other two charged in the indictment,
and that he and Sims occupied a room together at a lodg-

ing house, and that some time after the commission of the burglary Sims was at appellant's room. The defendant also was found to have burglar's tools in his possession. Sims was duly tried and convicted of the burglary committed.

There was no testimony tending to show that appellant was present when the crime was committed. The most that counsel for the state urge is that appellant was properly charged as a principal, under § 6782, Bal. Code, where the distinction between an accessory before the fact and a principal, and between principals in the first and second degrees, is abolished, and that all persons concerned in the commission of the offense, whether they directly counseled the act constituting the offense or counseled, aided and abetted its commission, though not present, shall be indicted, tried, and punished as principals. The superior court instructed the jury:

"Therefore, if this defendant was either present aiding, abetting, encouraging, assisting, or was absent and by counsel or understanding between himself and the person or persons who did make the entry and breaking . . . then the act of any person with whom he may have conspired to commit the offense would be his act as much as if he had done it in his own person. But you must be satisfied beyond a reasonable doubt that he was in some way implicated or had some connection with those who did commit it, in order to convict him of the offense charged."

It will thus be observed that the defendant, under the instruction of the court, could be convicted of breaking and entering a house if he was in some way implicated or had some connection with those who did break into and enter the house. Section 6842, Bal. Code, provides:

"The indictment must be direct and certain, as it regards the particular circumstances of the crime charged."

It would seem that the facts charged as constituting the crime of the defendant in the information were not the

facts shown at the trial, and upon which his conviction is demanded, but the variance is fatal. The case at bar seems to fall directly within the rule announced in the case of *State v. Gifford,* 19 Wash. 464 (53 Pac. 709), and upon its authority the judgment of the superior court is reversed.