[No. 4136    Decided February 26, 1902.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM NORRIS *et al., Appellants.*

CRIMINAL LAW — EVIDENCE TENDING TO PROVE OTHER CRIMES — ADMISSIBILITY.

In the prosecution for one crime, evidence showing the complicity of the accused in the commission of a second crime is admissible, where the testimony in relation to the second crime involves facts necessary to be shown in establishing the charge for which the accused is on trial.

BURGLARY — CIRCUMSTANTIAL EVIDENCE — SUFFICIENCY.

The refusal of the court to direct a verdict of not guilty was not error, when the evidence showed that the accused when arrested were in the company of others who admitted committing the burglary charged; that they had all been seen together on the evening of the burglary just outside the town where the crime was committed; that the property taken was found in their possession; that a house occupied by Japanese, situated between the place of the burglary and the point where the accused were arrested, was visited the same night by four or five men and burglarized, some of the stolen property being in the possession of the party when arrested, and that the party of burglars went from the Japanese house in the direction in which the accused were afterwards found with the others at the time of arrest. The fact that one of the accused who had entered a plea of guilty testi-

fied that the crime was committed by two alone who pleaded guilty was merely for the jury to weigh in connection with the other circumstances shown.

HARMLESS ERROR — OPINION EVIDENCE.

Allowing a witness to testify that the accused did not seem to show any curiosity to find out what he was arrested for, while technically erroneous as a statement of the witness's conclusion, was not prejudicial error.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Affirmed.

*Frank B. Wiestling,* for appellants.

*H. D. Cooley,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

HADLEY, J.—Appellants, Norris and McDonald, together with three others, Mitchell, Williams, and Wayne, were jointly charged with the crime of burglary, alleged to have been committed in the town of Arlington, on the 6th day of April, 1901. Mitchell and Williams each tendered a plea of guilty, and each was sentenced to a term of three years' imprisonment in the penitentiary. The other three were tried by a jury and a verdict of guilty returned as to each. A motion for a new trial was interposed and was granted as to Wayne, with the consent of the prosecuting attorney, not for any errors at the trial, but by reason of the youth of said defendant, and because, as expressed in the record, "the ends of justice would thereby best be subserved." The motion was denied as to Norris and McDonald, and thereafter the court rendered judgment that each of them should be punished by serving a term of seven years' imprisonment in the penitentiary. From said judgment they have appealed.

At the trial, when the testimony for the state was closed, the appellants moved the court to direct the jury to return a verdict of not guilty. The motion was denied. The motion was renewed at the close of all the testimony, and was again denied. The denial of the motion in each instance is assigned as error. It is also assigned as error that the court permitted the testimony of certain Japanese witnesses to go before the jury, which was offered for the purpose of showing the whereabouts of appellants on the night of the alleged burglary, but which incidentally tended to connect appellants and their co-defendants with the commission of a crime other than that charged in the information. We will first discuss the assignment of error last above mentioned.

There had been evidence to the effect that a burglary had been committed at the time and place charged. The testimony showed that the building had been entered some time during the night, and two overcoats and a small amount of money left in a cash drawer and also in a slot machine were stolen. When arrested the next day, the five defendants were together. The Japanese witnesses lived in a small house not far from the location of the premises where the burglary is alleged to have been committed. They testified that on the night of the burglary four or five men came to their house, and at least two of them entered the building, and stole certain articles, such as a watch, a knife, and a pair of pants. They were awakened by the presence of the men in the house, but could not see them in the dark so as to identify them. One of the witnesses grappled with one of the men in the house, and caught him about the leg, but the man broke away and ran. They saw other men outside of the house. One of the witnesses testified that he afterwards saw the

defendant Wayne wearing the pants that were stolen. The witnesses also identified other property found in the car at the place where the defendants were arrested as articles stolen from their house at the time above mentioned. One of the witnesses also testified that he followed the men, and watched them for a time, and that they went in the direction of a bridge toward McMurray, where the appellants and their co-defendants were found together and arrested the next day. It was also shown by their testimony that the Japanese house was on the way from the house where the burglary is charged to have been committed in going from there to the bridge and toward McMurray. The above testimony was offered, not for the purpose of showing that another crime was committed, but for the purpose of showing that the accused were together on the night of the burglary in the immediate vicinity of the place where the crime charged was committed. Incidentally the testimony concerning the identification of the property found at the place where the accused were arrested did develop the fact that another crime had been committed, with which the accused may have been connected; but its primary object was that above stated, and the detailed circumstances became necessary in order to reach the ultimate fact sought as applicable to the crime charged. Appellants cite the case of *State v. Gottfreedson*, 24 Wash. 398 (64 Pac. 523), decided by this court. It was there held that evidence tending to show that the defendant had stolen another horse was erroneously admitted for the reason that it was not so connected with the crime charged as tended to establish its commission, and was only effective to prejudice the jury. In the opinion in that case, however, the court stated the following as a general rule:

"The general rule is well established that proof of the commission of a separate and distinct crime will not be admitted for the purpose of aiding the conviction of defendant for the crime charged. There are exceptions, however, to this general rule, as where the testimony shows a connection between the transaction under investigation and some other transaction, and where they are so interwoven that the omission of the testimony in relation to the other crime would detract something from the testimony which the state would have a right to introduce as tending to show the commission of the crime charged by the defendant."

Thus the principle was recognized in that case that, where the testimony in relation to another crime involves facts which the state would have a right to prove if they were unconnected with such other crime, they are properly admissible, notwithstanding it may appear that they are connected with a separate and distinct crime.

Appellants also cite State v. Thompson, 14 Wash. 285 (44 Pac. 533), and State v. Bokien, 14 Wash. 403 (44 Pac. 889). The objectionable testimony in these cases, however, bore no relation to the crimes charged, and was not connected with any chain of circumstances which tended to prove guilt of the particular crimes charged. It could, therefore, have no other effect than to prejudice the jury against the accused. In State v. Hyde, 22 Wash. 551 (61 Pac. 719), it was held that evidence for the purpose of tracing the movements of the accused and one indicted jointly with him both before and after the crime is competent, although the testimony of a witness may incidentally disclose the commission of another crime. The principle here under consideration is ably discussed in State v. Baker, 23 Ore. 441 (32 Pac. 161). The defendants in that case were on trial for stealing a mare. The prosecution introduced evidence that the mare des-

cribed in the indictment was stolen from one N. at night; that on the same night another mare and other property were stolen from neighbors of N.; that the defendants were afterwards seen traveling towards eastern Oregon, with the mares in their possession; that on a direct route from there to Salem other property had been stolen; and that when the defendants were arrested at Salem, soon after, they had the mare described in the indictment and the other stolen property in their possession. It was held that the evidence was admissible, since it was impracticable to trace the defendants' connection with N.'s mare from the time it was stolen until their arrest without disclosing the commission of the other crimes. In the course of the opinion is found the following:

"Under no enlightened system of jurisprudence can a person be convicted of one crime on proof that he has committed another. It is of the utmost importance to a defendant that the facts given in evidence by the prosecution shall consist exclusively of the transaction which forms the subject of the indictment, and which he has come prepared to answer. And yet, while this is the general rule, the exceptions to it are so numerous that it has been said, 'It is difficult to determine which is the most extensive, the doctrine or the acknowledged exceptions.' *Trogdon v. Com.* 31 Gratt. 870. In cases where the prosecution relies on circumstantial evidence for a conviction, and the evidence offered forms logically one link in the chain of circumstances, tending to show that he who committed the one crime must have committed the other, or is so intermingled and connected with the crime charged as to form one entire transaction, it is admissible, although it may tend to prove distinct felonies. The purpose of such proof, however, should be explained in the charge of the court. Whart. Crim. Ev. § 31; *Brown v. Com.* 76 Pa. St. 319; *Mason v. State,* 42 Ala. 532; *Long v. State,* 11 Tex. App. 381; *Jones v. State,* 14 Tex. App. 85; *House*

*v. State,* 16 Tex. App. 25; *Heath v. Com.* 1 Rob. (Va.) 735. 'It frequently happens,' says BROCKENBROUGH, J., 'that as the evidence of circumstances must be resorted to for the purpose of proving the commission of the particular offense charged, the proof of these circumstances involves the proof of other acts, either criminal or apparently innocent. In such cases it is proper that the chain of evidence should be unbroken. If one or more links of that chain consist of circumstances which tend to prove the prisoner has been guilty of other crimes than that charged, this is no reason why the court should exclude those circumstances. They are so intimately connected and blended with the main facts adduced in evidence that they cannot be departed from with propriety, and there is no reason why the criminality of such intimate and connected circumstances should exclude them more than other facts apparently innocent.' *Walker v. Com.* 1 Leigh, 574."

In the light of the foregoing discussion and authorities, we think the evidence is properly admitted. The state was relying upon circumstantial evidence, and the circumstances detailed by the Japanese witnesses, we think, were such as should properly have gone to the jury, and it was for the jury to determine from the circumstances what connection, if any, appellants had with the crime charged. Property taken from the place of the alleged burglary was found in a car on the railroad track where the defendants were found when arrested. Two defendants had already entered a plea of guilty. The state sought to show that all the defendants had participated in the burglary, and therefore sought to trace the whereabouts of the men from the time of the burglary until the time of their arrest. It was competent for the state to show that the men were in the immediate vicinity of the crime charged as bearing upon the possibility that they could have engaged therein. The testimony of the Japanese witnesses was such as was

proper for the jury to consider in that connection; and as showing circumstances tending to trace their movements afterwards up to the time of their arrest.

We now recur to the assignment of error that the court denied the motion to direct a verdict of not guilty. As already stated, this motion was first made at the close of the state's testimony. We have examined the testimony in the record, and from the foregoing discussion it will be observed that we think the circumstances in evidence were such as the state had the right to have submitted to the jury. The appellants, when arrested, were in company with those who had been admittedly connected with the crime. There was also evidence that the five men had been seen together just outside of the town of Arlington between six and seven o'clock in the evening of the night the burglary was committed. Property taken from the place of the burglary was found at the place of arrest, and other property was also found at the same place, which belonged to the occupants of the Japanese house; and the testimony showed that four or five men were present at said house, and that they went from there in the direction where appellants and their co-defendants were found and arrested the next day. Under these circumstances we think it was for the jury to say whether appellants were participants in the crime charged. The motion was re- newed at the close of all the testimony. It is true one of the defendants who had entered a plea of guilty tes- tified that he and his co-defendant, who had acknowl- edged the crime, alone committed it; but it was for the jury to weigh his testimony in connection with the cir- cumstances shown by the state. In *State v. Maldonado*, 21 Wash. 653 (59 Pac. 489), this court said:

"The other assignments of error all go to the effect that the evidence was not sufficient to justify the verdict. An examination of the evidence in the case impresses us with the fact that it was not very strong, and that the jury might reasonably, in the opinion of this court, have found the defendant not guilty; but there was sufficient evidence, if uncontradicted, to warrant the jury in bringing in a verdict of guilty, and, the jury being the tribunal upon which, by our laws and constitution, is especially imposed the duty of weighing the testimony, and having so weighed the testimony and found against the defendant, it is not the province of this court to disturb their verdict."

Appellants cite *State v. Morgan,* 21 Wash. 355 (58 Pac. 215), in support of this assignment of error. In that case the information charged all the defendants directly with breaking and entering the house. The court says, "There was no testimony tending to show that appellant was present when the crime was committed." The trial court instructed the jury that, if the appellant was absent, and by counsel or understanding between himself and the person or persons who did make the entry assisted therein, they should find him guilty. It was held that, as the information did not charge the appellant with aiding and assisting, but did charge him directly with breaking and entering, there was a fatal variance between the charge and proof by reason of the provision of the statute, § 6842, ·Bal. Code, as follows:

"The indictment or information must be direct and certain as it regards   .   .   .   the particular circumstances ⸵of the crime charged,   .   .   ."

The opinion followed the rule announced in *State v. Gifford,* 19 Wash. 464 (53 Pac. 709), also cited by appellants, to the effect that one charged with the crime of committing rape could not be convicted as a mere accessory, but that, to place him upon trial as an accessory, he must

be charged with the crime of rape "committed as follows: By procuring" etc., followed by a statement of the facts the accused is expected to meet. The cases therefore do not seem to be in point here. There is no charge in the information or claim in the testimony that appellants were only accessories. The charge was that of a breaking and entering, and while there is no direct evidence of the fact that appellants did break and enter, yet certain circumstances relied upon to show that appellants were actually present at the time of the burglary were submitted to the jury, and it was a fact for them to determine whether appellants did break and enter. By their verdict they found such to be the fact. It is seldom that direct proof that the accused person broke and entered can be had, but circumstances often lead to the finding by the jury that such is the fact. It is within their province to so find if they believe it to be true from a chain of circumstances which renders it possible to have been true.

It is also assigned as error that the court permitted the following question and answer over objection: "Question. He showed no curiosity to find out what he was arrested for? Answer. No, sir; he did not seem to." This may have been technically erroneous, as calling for a conclusion; and while the more proper course would have been to ask what the appellant did, and leave the jury to determine as to what, if any, curiosity was shown, yet we do not believe it was such material error as was prejudicial to appellants, and such as would justify a reversal of the judgment.

The judgment is therefore affirmed.

REAVIS, C. J., and MOUNT, FULLERTON, WHITE and DUNBAR, JJ., concur.