[No. 14505.   Department One.   April 22, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v.
J. D. WHEELER, *alias* J. M. WHEELER,
*Appellant.*[1]

LARCENY—BY FALSE REPRESENTATIONS—INTENT—STATUTES.   One who secures a loan by giving a chattel mortgage upon property that he did not own, is guilty of larceny, although he intended to make repayment, under Rem. Code, § 2601, making one guilty of larceny who, with intent to deprive the owner thereof, obtains possession of or title to any property by color or aid of any fraudulent or false representations.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered March 21, 1917, upon a trial and conviction of larceny.   Affirmed.

*Chas. F. Bolin*, for appellant.

*O. R. Schumann* and *J. Lenox Ward*, for respondent.

MAIN, J.—The defendant was charged by information with the crime of larceny, committed by color or aid of fraudulent and false representations.   The trial resulted in a verdict of guilty as charged.   A motion for a new trial being made and overruled, the defendant appeals.

The facts may be briefly summarized as follows:   On the 29th day of August, 1916, the appellant, together with his family, was residing on a ranch in Yakima county, and on this date the appellant obtained from E. C. Young, the agent of John W. Morken, a loan of $75, and, as security therefor, gave a chattel mortgage on certain personal property.   The personal property covered by the mortgage, with the exception of one cow, was not owned by the appellant, but was the property of the owner of the ranch upon which he then re-

[1]Reported in 172 Pac. 225.

sided. Sometime thereafter the mortgagee or his agent, having learned that the property covered by the mortgage was not that of the appellant, caused his arrest, and after he had been formally charged with the crime of grand larceny, he was convicted as already stated.

The appellant's principal contention is that the evidence failed to show that the $75 was obtained with criminal intent, and that therefore the trial court erred in not directing a verdict of acquittal. The statute (Rem. Code, § 2601) provides that—

"Every person who, with intent to deprive or defraud the owner thereof—

"(2) Shall obtain from the owner or another the possession of or title to any property, . . . by color or aid of any fraudulent or false representation, . . .

"Steals such property . . ."

The appellant, if we understand his contention, claims that he intended to repay the money at some subsequent time, and that, therefore, it was not obtained with criminal intent. The money, however, was obtained from the agent of the owner by color or aid of fraudulent or false representations. The owner was deprived or defrauded thereof. The statute, as already indicated, makes one guilty of larceny who, with intent to deprive or defraud the owner thereof, shall obtain from such owner, or another, the possession of or title to any property by color or aid of any fraudulent or false representation. The evidence shows beyond controversy that the money was obtained by aid of fraudulent and false representations. Had it not been for the representations of the appellant that he was the owner of all the property covered by the chattel mortgage the loan would not have been made. It seems plain that the court did not err in submitting the

question to the jury, and the evidence is ample to sustain the verdict.

There are some other assignments of error which relate to an instruction given and requests refused, and also as to certain evidence received. These assignments, however, are not argued in the appellant's brief, and while they have been considered, it seems unnecessary to review them here.

We find no error in the record, and the judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.