STECHER, Plaintiff in error, vs. THE STATE, Defendant in error.   [Six cases.]

*May 1—June 11, 1930.*

For the plaintiff in error there were briefs by *Kaumheimer & Kaumheimer,* attorneys, and *Gifford Alt* of counsel, all of Milwaukee, and oral argument by *Leon E. Kaumheimer.*

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* deputy district attorney, and oral argument by *Mr. O'Boyle.*

ROSENBERRY, C. J.   The cases were argued and submitted together.   Three errors are assigned: (1st) that the evidence does not establish beyond a reasonable doubt that the relationship between the defendant and the complaining witness in each case was that of principal and agent, bailor and bailee, or trustee and beneficiary; (2d) that the evidence offered and received in the case is not sufficient to sustain a finding that there was a conversion of property of the complainants in each case by the defendant; (3d) that the evidence does not establish beyond a reasonable doubt that the funds were converted as alleged in the information in the respective cases.

The most serious question presented arises under the first assignment of error.   While the record of the defendant is

not material upon the question of his guilt or innocence, it throws considerable light upon the attitude of the defendant and what was done by him in reference to each of the transactions under consideration. The defendant had served a term of two years for forgery in the prison at Jefferson City, Missouri. In 1902 he was committed to the Indiana state prison for from two to fourteen years for embezzlement, being subsequently paroled. In 1908 he was sentenced to the Illinois state penitentiary at Joliet for from one to ten years for obtaining property under false pretenses, and was subsequently paroled. In 1918 he was sentenced by the municipal court of Brown county, Wisconsin, to three years at Waupun, for obtaining property under false pretenses, being paroled in 1918.

In sentencing the defendant the trial court said:

"In this case the defendant did not take the stand, and from what I have observed here, and listened to, the defendant is a man of intelligence, a man of learning and a man of experience, and whether he is a lawyer or not, he knows considerable about the practice of law and court procedure. He had an excellent command of the English language, and he is able to talk German and also to quote Latin very freely, and has had experience as a salesman for the Dubiske Company."

In connection with the first assignment of error it is urged that the relation which existed between the defendant and the various complaining witnesses was that of debtor and creditor rather than principal and agent or bailor and bailee. The defendant quite evidently considered that if he succeeded in getting the complainants to accept a note from him that that conclusively established the nature of their relationship. This is another illustration of the saying that a little learning is a dangerous thing. However, it is equally apparent that if the giving of the note was a mere incident in the carrying out of the fraudulent scheme or purpose of the defendant it did not change the relationship of the parties.

Quite evidently that was the view of the trial court. While the evidence in the record is meager and the case was presented to the court in rather a sketchy and fragmentary way, in the absence of any evidence to the contrary it is considered that the evidence is sufficient to sustain the finding of the trial court in all respects. While the defendant went through the motions of paying interest and acting as if he had made the investments as he represented he would do, it is equally apparent that he never had any intention of making the investments. There is nothing in the record which required the trial court to make any such inference or which raises a reasonable doubt as to the nature of the transaction.

It is next urged that under the statute the conversion was not established beyond a reasonable doubt. The evidence discloses, and there is practical uniformity in the cases in this respect with some variation in detail, that the defendant was being pressed at various times and finally concluded in 1928 that he had reached the end of his rope. He disappeared, warrants were issued for him, and after six months he was apprehended by the police. Demands had been made upon him, and the evidence fully warrants the conclusion which the trial court must have reached, which was that because of these demands and the realization of the situation the defendant took refuge in flight. It is sufficient evidence of unlawful conversion to show as in these cases that the defendant absconded, following efforts of the complainants to procure a settlement with him. *State v. Knowles,* 185 Mo. 141, 83 S. W. 1083.

It is considered that the element of conversion is sufficiently established. It is true that every element of the offense must be established beyond a reasonable doubt. Upon a consideration of the record we are of the opinion that the evidence was such that the trial court might properly find the defendant guilty beyond a reasonable doubt.

We are asked to distinguish between case No. 9, in which Anna Griebling was the complaining witness, and the other

cases. It is considered, however, that while the testimony of Miss Griebling was somewhat conflicting and not as satisfactory as that of some of the other complainants, nevertheless it was sufficient to sustain the finding of the trial court.

It is further urged on behalf of the State that there was no motion for a new trial in the court below and that therefore the sufficiency of the evidence cannot be considered upon the writ of error. The defendant conducted his own defense, and while the record shows him to have been a skilful cross-examiner and that he had keen appreciation of the legal questions involved, he apparently was unaware of the fact that a motion for a new trial must be made before judgment. However he offered such motion immediately after judgment. It is considered that under the statute, sec. 251.09, the court should consider the case upon its merits even though the motion for a new trial was not made at the proper time, and we have so considered it.

*By the Court.*—The judgment in each case is affirmed.