[Criminal No. 827. Filed March 2, 1936.]

[55 Pac. (2d) 310.]

HORACE HUNTER, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. William J. Fellows, for Appellant.

Mr. John L. Sullivan, Attorney General, and Mr. W. Francis Wilson, Assistant Attorney General, for the State.

ROSS, J.— Horace Hunter appeals from a conviction of first degree murder and a judgment and sentence to life imprisonment. He complains of error in the court's refusal to grant his motion for an instructed verdict, for two reasons: (1) Because of a variance between the allegations of the information and the proof; and (2) because of the insufficiency of the evidence to support the verdict and judgment. He was informed against with Otis M. Phillips and Roland H. Cochrane as a principal to the murder, but the evidence shows that his participation therein consisted in advising, aiding, counseling and encouraging Cochrane to commit the act. The question is, does this constitute a variance, and our answer thereto is negative.

Our statute, section 4491, Revised Code of 1928, has abolished the common-law crime of accessory before the fact and made all persons concerned, whether directly participating in the commission of the act constituting the crime or not, principals in such crime, so that now those who aid, advise or encourage the act are considered as guilty as those who actually commit the act. Section 4992, Id., provides that such persons—those directly committing the act or those aiding, advising, or encouraging its commission—"shall be prosecuted, tried and punished as

principals, and no other facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

The appellant contends that, although these provisions of the statute authorize the form of information used here, such form is not constitutional in that it does not protect the right of the defendant "to demand the nature and cause of the accusation against him," as required by section 24 of article 2 of the state Constitution.

In *State* v. *Gifford,* 19 Wash. 464, 53 Pac. 709, an information of the kind we have here was held bad as against an accessory before the fact, because, as the court said, it failed to protect the defendant's constitutional right "to demand the nature and cause of the accusation against him." This case is clearly in point here and if correct in principle, is decisive. The above phrase in the Washington Constitution (article 1, § 22) and in ours is the same. The Washington court felt that such provision required that an indictment or information should, where the defendant had advised, aided or encouraged the commission of the crime, allege facts showing that he procured the crime to be committed, and not that he himself committed it. It drew such conclusion largely, as will be seen by reading the opinion, from the provisions of the Code of that state prescribing the requisites of an indictment or information. It seems to us the court overlooked the very fundamental rule of law to the effect that what one does acting through another he himself does, and that the principal in the crime is the active agent of those advising, aiding or encouraging him to do the act. An allegation in a pleading that a person did a certain thing is sustained by proof that his agent did it. The rule in the Gif-

ford case is not only contrary to an earlier holding of that court in *State* v. *Duncan*, 7 Wash. 336, 35 Pac. 117, 38 Am. St. Rep. 888, but is not the rule in other states where the distinction between principal and accessory before the fact has been abolished by statute.

In *State* v. *Whitman*, 103 Minn. 92, 114 N. W. 363, 14 Ann. Cas. 309, the precise question here raised was before the court, and it was there said:

"The defendant's counsel contends that he was not 'informed of the nature and cause of the accusation' against him, as required by section 6 of article 1 of the Constitution of the state.

"At common law a distinction was made between an accessory before the fact and a principal. . . . This distinction was technical, for what one does by another he does by himself. The common-law rule has been expressly abolished by our Penal Code (Rev. Laws 1905, § 4758). . . .

"In the case of *State* v. *Gifford*, 19 Wash. 464, 53 Pac. 709, a contrary conclusion was reached. . . . We, however, hold . . . that one who at common law would be an accessory before the fact may be charged directly by the indictment with the commission of the felony as principal, and on his trial evidence may be received to show that he procured the crime to be committed, and, further, that the reception of such evidence is neither a variance nor a violation of section 6, article 1, of our Constitution, providing that in criminal cases the accused shall be informed of the nature and cause of the accusation against him."

A similar holding is found in *State* v. *Geddes*, 22 Mont. 68, 55 Pac. 919, 926, the court there saying that the rule announced in the Gifford case "is against the current of recent authorities." The court further said:

" '*Qui facit per alium, facit per se*,' is the principle pervading the criminal as well as the civil law, and underlies the statute abolishing distinctions 'more fanciful than real.' "

One of the earliest and, perhaps, the leading case on this question is *People* v. *Bliven,* 112 N. Y. 79, 19 N. E. 638, 8 Am. St. Rep. 701.

It is stated in the text in 31 Corpus Juris 740, section 290, that the general rule is that, where there exists statutes abolishing the distinction between an accessory before the fact and the principal, the accessory may be indicted without setting out the facts by which he aided and abetted, or advised and procured, the commission of the crime. See, also, 16 Corpus Juris 121, § 103.

Our section 4992, *supra,* not only abolishes the distinction between an accessory before the fact and the principal, but requires that such an accessory shall be indicted or informed against as a principal; and this provision was a part of the criminal law of Arizona many years antedating our Constitution.

We feel that the better rule is that proof that a defendant, who is indicted or informed against as a principal, was an accessory before the fact fully sustains the allegations of the indictment or information, and that there is no variance.

The further contention is made that the evidence does not support the verdict and judgment. On that point we simply say that there is sharp conflict in the evidence, and that it was the province of the jury to reconcile this evidence and say therefrom which was truthful and which was spurious. This the jury did, and returned its verdict in favor of the state. We have examined into the testimony somewhat and have no doubt of the correctness of the jury's verdict.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.