[No. 14565-7-I.   Division One.   August 26, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS
J. GILLESPIE, *Appellant.*

---

[1]This amount has since been increased to $10,000. RCW 4.84.250.

*Anthony Savage, Jr.,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lynn S. Prunhuber, Deputy,* for respondent.

SWANSON, J.—Thomas J. Gillespie appeals the judgment and sentence for a jury conviction of first degree theft, alleging that the trial court erred in submitting to the jury the alternative theory of theft by embezzlement. We reverse and remand for a new trial.

In October 1977, Gillespie and Thomas B. Wheeler formed a corporation named Seattle Yacht Sales, Inc., which sold new boats and acted as a broker in the sale of used boats. In fall 1979 the company was in financial straits. At that time and later in January 1980, Gillespie and Wheeler applied for an $83,000 loan from Rainier National Bank (Rainier). In January 1980 the loan was obtained upon the representation that the proceeds would be used to purchase a sailboat for a tax shelter and that the loan would be secured by a preferred marine mortgage on the boat.

Wheeler testified at trial that the representations as to using the proceeds to purchase a sailboat and securing the loan with a preferred marine mortgage were fraudulent and that the money was obtained under false pretenses. Gillespie concedes that Wheeler's testimony was sufficient to

take the issue of theft by deception to the jury.

Gillespie, however, testified that when he and Wheeler applied for and obtained the loan, he intended to use the money to purchase the sailboat. Nevertheless, the money was not used to purchase a sailboat and no security for the loan was given to the bank. Instead, the money was used to pay an unrelated bill for a different customer's boat.

Gillespie was charged in the alternative with theft by deception, RCW 9A.56.020(1)(b), and theft by embezzlement, RCW 9A.56.020(1)(a). At the close of the evidence Gillespie moved to have the alternative embezzlement theory stricken. The motion was denied and both theories were submitted to the jury. Jury instruction 5[1] stated that to find Gillespie guilty of first degree theft, the jury had to agree unanimously either that theft by deception or theft by embezzlement had been proved beyond a reasonable doubt. Gillespie was found guilty of first degree theft, RCW 9A.56.030(1)(a)[2] and RCW 9A.56.020, count 1 of the amended information, and was granted probation subject to certain conditions.

---

[1]Jury instruction 5 states in pertinent part:

"To convict the defendant Thomas J. Gillespie of the crime of Theft in the First Degree, count I, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 15th day of January 1980 the defendant obtained the property of another and exerted control over that property;

"(2) That the property exceeded $1,500 in value;

"(3) That the defendant intended to deprive the other person of the property;

"(4)(a) That the defendant obtained the property by color and aid of deception, or;

"(4)(b) That the defendant exerted unauthorized control over the property;

"(5) That the acts occurred in King County, Washington.

"If you find from the evidence that elements (1), (2) and (3) and (5) and either (4)(a) or (4)(b) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to count I. Elements (4)(a) and (4)(b) are alternatives and only one need be proved. You must unanimously agree that (4)(a) has been proved, or that (4)(b) has been proved."

[2]RCW 9A.56.030(1)(a) provides in part:

"(1) A person is guilty of theft in the first degree if he commits theft of:

"(a) Property or services which exceed(s) one thousand five hundred dollars in value; . . ."

The issue on appeal is whether the trial court erred in submitting to the jury the alternative theory of theft by embezzlement. "Theft" is defined in part as follows:

> (a) To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services; or
> (b) By color or aid of deception to obtain control over the property or services of another or the value thereof, with intent to deprive him of such property or services;
> . . .

RCW 9A.56.020(1)(a), (b). RCW 9A.56.020(1)(a) includes what was embezzlement under prior law. *State v. Dorman,* 30 Wn. App. 351, 354, 633 P.2d 1340 (1981). Further,

> (7) "Wrongfully obtains" or "exerts unauthorized control" means:
> (a) To take the property or services of another; or
> (b) Having any property or services in one's possession, custody or control as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian, or officer of any person, estate, association, or corporation, or as a public officer, or person authorized by agreement or competent authority to take or hold such possession, custody, or control, to secrete, withhold, or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto[.]

RCW 9A.56.010(7)(a), (b).

Embezzlement occurs where property that comes lawfully into the taker's possession is fraudulently or unlawfully appropriated by him. *State v. Vargas,* 37 Wn. App. 780, 785, 683 P.2d 234 (1984). Thus in contrast to theft by taking, which involves a trespass, embezzlement does not.[3] *State v. Markham,* 40 Wn. App. 75, 86, 697 P.2d 263 (1985). Rather, embezzlement involves a violation of a trust. *State v. Moreau,* 35 Wn. App. 688, 693, 669 P.2d 483 (1983), *review denied,* 102 Wn.2d 1019 (1984).

---

[3]Further, unlike theft by taking, embezzlement does not include the element of intent to permanently deprive the owner of the appropriated property or services. *State v. Markham,* 40 Wn. App. 75, 86, 697 P.2d 263 (1985).

█ Gillespie contends that he could not properly have been convicted of embezzlement because he signed a bank note in which he agreed to repay the loan amount with interest so that when the proceeds were disbursed to him, he, rather than the bank, was the lawful owner of the proceeds. The State, however, claims that since the loan was conditioned upon the creation in the bank's favor of a security interest in the sailboat that was to have been bought with the loan proceeds, until the security interest was created, Gillespie was a mere bailee of the proceeds. The issue is whether the loan proceeds belonged to the defendant when he received the loan check after he signed a note despite the nonfulfillment of an alleged oral condition that a security interest in the goods bought with the proceeds be given to the bank. Here the proceeds were Gillespie's property.

The promissory note that Gillespie signed did not indicate that the loan was not to be completed until the security in the boat was provided, and no signed security agreement or vessel mortgage has been produced that created in Rainier's favor a security interest in the boat that the two were purportedly to purchase with the loan proceeds.[4] Thus when Gillespie and Wheeler signed the promissory note and received from Rainier the loan check made payable to them and Seattle Yacht Sales, Inc., they, rather than Rainier, had title to the loan proceeds.[5]

---

[4] A chattel mortgage under the Uniform Commercial Code—Secured Transactions, RCW 62A.9–101 et seq., and a ship mortgage under the Ship Mortgage Act of 1920, 46 U.S.C. § 911 et seq., must be a written document except, under the UCC, where the collateral is in the secured party's possession, RCW 62A.9–203(1)(a); Washington Comments (1)(a), RCWA 62A.9–203.

[5] Under the Uniform Commercial Code—Commercial Paper, RCW ‘62A.3–101 et seq., the transfer of a check vests title in the transferee. See RCW 62A.3–102(1)(a); .3–201(1); .3–202(1); Washington Comments (1), RCWA 62A.3–201(1); 11 Am. Jur. 2d Bills and Notes § 368, at 391 (2d ed. 1963). However, where a wrongdoer by false pretenses obtains the ownership of property, his title to the property is voidable because of his fraud. R. Perkins, Criminal Law 306 (2d ed. 1969); see RCW 62A.3–201(1); Moyses v. Bell, 62 Wash. 534, 538, 114 P. 193 (1911).

Where a loan is made upon a promissory note, title to the proceeds passes to the borrower when he signs the note. *See State v. Karri,* 51 Mont. 157, 149 P. 956, 958 (1915). Thus if the proceeds are not used as specified by the parties' agreement, the result is not embezzlement. *State v. Polzin,* 197 Wash. 612, 618–20, 85 P.2d 1057 (1939); *see Vancouver Nat'l Bank v. Katz,* 142 Wash. 306, 313, 252 P. 934 (1927), *cited in Reid v. Cramer,* 24 Wn. App. 742, 744, 603 P.2d 851 (1979). Thus here in the absence of a security agreement or a vessel mortgage, title to the loan proceeds passed to Gillespie and Wheeler when they signed the note so that Gillespie could not properly have been convicted of embezzlement where he and Wheeler did not purchase the boat or create a security interest in the boat in Rainier's favor as was represented to the bank.[6] The trial court erred in giving instruction 5 and in submitting the alternative theft–by–embezzlement theory to the jury.

██ Further,

> when one is charged with having committed a crime by more than one method and there is a deficiency of proof as to one or more methods but the jury is, nevertheless, instructed as to those methods, the verdict must be set aside unless the court can ascertain that it was founded upon one of the methods with regard to which substantial evidence has been introduced.

*State v. Carothers,* 84 Wn.2d 256, 265, 525 P.2d 731 (1974). Since it cannot be ascertained upon which of the State's theories the general verdict that was rendered in this case

---

[6]However, as the appellant concedes, Brief of Appellant at 5, sufficient evidence was presented at trial to submit the question of theft by deception to the jury. Where giving a note in exchange for money received is a mere incident in the carrying out of the defendant's fraudulent scheme or purpose, such an act does not establish a debtor–creditor relationship. *Stecher v. State,* 202 Wis. 25, 231 N.W. 168, 170 (1930). The Washington Supreme Court has upheld a conviction for larceny committed by fraud or false representations where the loan to the defendant would not have otherwise been made had it not been for the defendant's false representations that he owned all the property covered by the chattel mortgage given as security for the loan. *State v. Wheeler,* 101 Wash. 293, 294, 172 P. 225 (1918).

was based, the verdict must be set aside. The judgment is reversed and the cause is remanded for a new trial.

RINGOLD and WEBSTER, JJ., concur.