[Nos. 16894–1–I; 17591–2–I; 17001–5–I.  Division One.  May 31, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. GENE THORPE, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. JOHN J. TOMULTY, *Appellant.*

THE STATE OF WASHINGTON, *Appellant,* v. DOUGLAS A. KEEHN, *Respondent.*

*J. Robert Leach* and *Nielsen, Nielsen & Leach,* for appellant Thorpe.

*John Muenster* and *Mestel & Muenster,* for appellant Tomulty.

*Al Lyon, Public Defender,* for respondent Keehn.

*Kenneth O. Eikenberry, Attorney General,* and *Gregory P. Canova, Senior Assistant,* for State.

WILLIAMS, J.—Gene Thorpe, John J. Tomulty and Douglas A. Keehn were charged by fourth amended information with first degree theft. Tomulty was also charged with second degree theft and Thorpe with bribing a witness. They were found guilty; Keehn was granted a new trial. Thorpe and Tomulty appeal from the judgments entered upon the verdicts and the State appeals the grant of a new trial to Keehn.

Although the evidence was in dispute, the facts that the jury could have found may be summarized as follows: Thorpe was a principal in a family meat packing business which had a contract to sell carcass and boneless beef to the Washington State Reformatory at Monroe. Tomulty, an employee of Edmonds Community College, was in charge of the vocational meat cutting program at the reformatory; Keehn was a reformatory employee. With the knowledge and participation of the three defendants, meat was delivered under the contract to the reformatory with the invoices therefor showing more than the actual delivery weight (short weighting). The invoices were submitted to and paid by the State. In addition, from time to time the three defendants took substantial quantities of meat from the reformatory without payment therefor.[1]

Defendants were charged in the alternative with theft by taking of money, by taking of meat, or by embezzlement of

---

[1]Thorpe and Tomulty argue there is no evidence of theft of meat. There was substantial evidence that defendants removed cut and wrapped meat from the reformatory, and that the State had paid for that meat. *See State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

meat. After receiving instructions on these three alterna-
tives, the jury returned a general verdict of guilty for each
defendant.

Thorpe and Tomulty first contend they were improperly
charged with theft by taking of money, arguing that the
evidence of short weighting may constitute theft of money
by deception, RCW 9A.56.020(1)(b), but it is not theft by
taking of money, RCW 9A.56.020(1)(a). We agree.

RCW 9A.56.020(1) provides in part:

"Theft" means:
(a) To wrongfully obtain or exert unauthorized control
over the property or services of another or the value
thereof, with intent to deprive him of such property or
services; or
(b) By color or aid of deception to obtain control over
the property or services of another or the value thereof,
with intent to deprive him of such property or services;
. . .

The statute incorporates what were several distinct crimes
under former statutory and common law. *See generally
State v. Vargas,* 37 Wn. App. 780, 683 P.2d 234 (1984);
*State v. Southard,* 49 Wn. App. 59, 741 P.2d 78 (1987).
Each type of theft contains different elements. *State v.
Southard, supra* at 62.

One element of wrongfully obtaining, or taking, property
(including money) under RCW 9A.56.020(1)(a) is a tres-
pass. *State v. Gillespie,* 41 Wn. App. 640, 705 P.2d 808
(1985), *review denied,* 108 Wn.2d 1009 (1986). *See also*
RCW 9A.56.010(7)(a) (defining "wrongfully obtains").
Theft by deception, RCW 9A.56.020(1)(b), is defined as
follows:

"By color or aid of deception" means that the decep-
tion operated to bring about the obtaining of the prop-
erty or services; it is not necessary that deception be the
sole means of obtaining the property or services[.]
RCW 9A.56.010(2).

"Deception" occurs when an actor knowingly:
(a) Creates or confirms another's false impression
which the actor knows to be false; or

(b) Fails to correct another's impression which the actor previously has created or confirmed; or

. . .

(e) Promises performance which the actor does not intend to perform or knows will not be performed.

RCW 9A.56.010(4).

██ Defendants' conduct of knowingly submitting inflated invoices to the State and receiving payment therefor constitutes theft of money by deception, not theft of money by taking. The court held in an analogous case:

[Appellant's] conviction cannot stand. It is in violation of Art. I, § 22 of the constitution of this state, the pertinent portion of which reads:

"In criminal prosecutions, the accused shall have the right to . . . demand the nature and cause of the accusation against him, . . ."

. . .

In *State v. Diamond Ice & Storage Co.,* 105 Wash. 122, 177 Pac. 634, we used this language:

". . . [T]he state is bound by the charge as made, and must prove the offense to have been committed as there alleged, in order to sustain a conviction. 1 Wharton, Criminal Evidence, § 92; 13 Ency. Evidence, 640; *State v. Gifford,* 19 Wash. 464, 53 Pac. 709; *State v. Morgan,* 21 Wash. 355, 58 Pac. 215."

*State v. Smith,* 2 Wn.2d 118, 123–24, 98 P.2d 647 (1939). *Accord, State v. Berman,* 50 Wn. App. 125, 747 P.2d 492 (1987), *review denied,* 110 Wn.2d 1019 (1988) (judgment reversed because facts showed theft by deception, and defendant was charged with and found guilty of embezzlement).

The judgment must be reversed and the case remanded for a new trial, because it cannot be determined which of the State's three theories the jury relied upon to reach its general verdict.

when one is charged with having committed a crime by more than one method and there is a deficiency of proof as to one or more methods but the jury is, nevertheless, instructed as to those methods the verdict must be set aside unless the court can ascertain that it

was founded upon one of the methods with regard to which substantial evidence has been introduced.
*State v. Carothers*, 84 Wn.2d 256, 265, 525 P.2d 731 (1974). Since it cannot be ascertained upon which of the State's theories the general verdict that was rendered in this case was based, the verdict must be set aside.

*State v. Gillespie, supra* at 645–46.

Thorpe and Tomulty next contend that first degree theft, RCW 9A.56.030, is a general statute and that they should have been charged under one of two "special" statutes. Former RCW 9.45.120[2] provided:

> Using false weights and measures. Every person who shall injure or defraud another by using, with knowledge that the same is false, a false weight, measure or other apparatus for determining the quantity of any commodity or article of merchandise, or by knowingly misrepresenting the quantity thereof bought or sold; or who shall retain in his possession any weight or measure, knowing it to be false, unless it appears beyond a reasonable doubt that it was so retained without intent to use it or permit it to be used in violation of the foregoing provisions of this section, shall be guilty of a gross misdemeanor.

RCW 19.94.510 provides in part:

> Unlawful practices—Penalty. Any person who, by himself, by his servant or agent, or as the servant or agent of another person, performs any one of the acts enumerated in subsections (1) through (9) below, shall be guilty of a misdemeanor and upon a second or subsequent conviction thereof he shall be guilty of a gross misdemeanor.
>
> . . .
>
> (5) Sell, offer or expose for sale less than the quantity he represents of all commodity, thing or service.

The "general/special" rule only applies if the statutes at issue are concurrent, *i.e.*, the general statute will be violated in each instance where the special statute has been violated. *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984). RCW 9A.56.030 contains an element not found in either former RCW 9.45.120 or 19.94.510(5): the property

---

[2]Repealed by Laws of 1987, ch. 456, § 32, p. 1990.

taken must exceed $1,500 in value.[3] Appellants were therefore properly charged with theft, as opposed to either of the alleged "special" statutes. *In re Taylor,* 105 Wn.2d 67, 711 P.2d 345 (1985); *State v. Jendrey,* 46 Wn. App. 379, 730 P.2d 1374 (1986), *review denied,* 108 Wn.2d 1007 (1987).

Next, Thorpe individually contends that the theft charge against him should be dismissed as a sanction for the State's violation of RCW 5.60.060(1), the marital privilege statute. Without Thorpe's consent, the State had examined Mrs. Thorpe before a special inquiry judge preparatory to bringing these charges. In a pretrial ruling the court said in part:

> the defendant's marital privilege is properly invoked at this time.
>
> In assessing the proper remedy, I have considered the case of *State v. Cory,* 62 Wash 2d 371, 382 P. 2d 1019 (1963) . . . Here, the defendant's spousal privilege is statutorily created and the conduct of the State does not rise to the same level as that in *Cory.* Therefore, the remedy of dismissal is inappropriate, and I will deny the same. However, I will reserve the defendant's motion to suppress the testimony of his wife before the Inquiry Judge proceedings and any fruits thereof.

The denial of a motion to dismiss under CrR 8.3(b) will be overturned only for abuse of discretion. *State v. Dailey,* 93 Wn.2d 454, 610 P.2d 357 (1980). There was no error. Moreover, Thorpe never renewed the motion to suppress.[4]

---

[3] In addition, the Legislature has expressly stated that RCW 19.94.510(5) is not concurrent with any other statute:

"Chapter cumulative and nonexclusive. The provisions of this chapter shall be cumulative and nonexclusive and shall not affect any other remedy available at law." RCW 19.94.900. *See In re Taylor,* 105 Wn.2d 67, 70, 711 P.2d 345 (1985).

[4] Thorpe contends a motion to suppress would have availed him nothing because there is no way to determine the "fruits" of Mrs. Thorpe's testimony. RCW 10.27.090(5) sets forth a discovery procedure, and Mr. Thorpe was in fact provided with a transcript of her testimony.

■ Thorpe also challenges the bribery judgment, contending that RCW 9A.72.090(1)[5] is unconstitutionally vague, and either contains an invalid presumption of corrupt intent or is an arbitrary and unreasonable exercise of police power if there is no implied criminal intent. He has no standing to bring a vagueness challenge, because his conduct fell squarely within the "hard core" of RCW 9A.72.090(1). *State v. O'Neill,* 103 Wn.2d 853, 700 P.2d 711 (1985); *State v. Hegge,* 89 Wn.2d 584, 574 P.2d 386 (1978).

Thorpe's contentions regarding a presumption of corrupt intent were answered adversely to him, in *State v. O'Neill, supra* at 858–59. Thorpe further argues that, even if the *O'Neill* analysis applies to RCW 9A.72.090(1), the jury was not instructed that it must find Thorpe acted with corrupt intent. On the contrary, the jury was so instructed.[6]

---

[5]RCW 9A.72.090(1) provides:

"A person is guilty of bribing a witness if he offers, confers, or agrees to confer any benefit upon a witness or a person he has reason to believe is about to be called as a witness in any official proceeding or upon a person whom he has reason to believe may have information relevant to a criminal investigation, with intent to:

"(a) Influence the testimony of that person; or

"(b) Induce that person to avoid legal process summoning him to testify; or

"(c) Induce that person to absent himself from an official proceeding to which he has been legally summoned."

[6]The jury received the following instructions:

"To convict defendant Gene Thorpe of the crime of bribing a witness as charged, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on June 28, 1984 Gene Thorpe did offer or agree to confer a benefit upon Fred Evans;

"(2) That on June 28, 1984 Gene Thorpe had reason to believe Fred Evans was about to be called as a witness in an official proceeding;

"(3) That Gene Thorpe intended by offering or agreeing to confer a benefit upon Fred Evans to influence the testimony of Fred Evans; and

"(4) That the acts occurred in Snohomish County, Washington.

"If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

"On the other hand, if, after weighing all the evidence you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty." Instruction 3.

Tomulty contends there was insufficient evidence he committed second degree theft of a meat saw, arguing that there was no evidence he took the saw within the charging period; that there was insufficient evidence the reformatory owned the saw when he exerted control over it; and that there was no competent evidence the saw exceeded $250 in value.

The issue is not whether Tomulty *took* the saw, but whether he exerted *unauthorized control* over it on or about May 11, 1982. See instruction 8. Two witnesses observed Tomulty with the saw, one on approximately that date, and the other on a Saturday during the charging period. Regarding title to the saw, there was evidence that the saw was carried on the institution's inventory records as of December 1981, and that Tomulty did not follow the reformatory's procedures for disposing of its property. Value was properly established through witness Neal Wheeler, who had 30 years' experience in the meat cutting business, had experience in purchasing meat saws, and had personally examined the saw. *See* ER 702. His consulting the saw's manufacturer was proper; the facts or data relied upon by an expert need not themselves be admissible into evidence if of a type reasonably relied upon by other experts in the field. ER 703.

Thorpe's and Tomulty's remaining assignments of error concern discretionary rulings by the trial court; we find no error.

█ The State appeals the grant of a new trial to Keehn, whose illness prevented him from attending closing argument. As held in *State v. Jury*, 19 Wn. App. 256, 270, 576 P.2d 1302, *review denied*, 90 Wn.2d 1006 (1978):

> The defendant's presence is required only when it bears a reasonably substantial relation to the fullness´of his opportunity to defend against the charge. *Snyder v. Massachusetts*, 291 U.S. 97, 78 L. Ed. 674, 54 S. Ct. 330, 90 A.L.R. 575 (1934). There is no suggestion that

---

"A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime." Instruction 4.

defendant's presence would have advanced his defense. His counsel's presence was sufficient under these particular circumstances.

There is no evidence in the trial record that Keehn's presence would have advanced the closing argument of his counsel. Moreover, Keehn has not submitted an appellate brief to counter the State's assignment of error. *See Aquarian Found. v. KTVW, Inc.*, 11 Wn. App. 476, 523 P.2d 969 (1974).

The judgments entered upon the first degree theft verdicts against Gene Thorpe and John J. Tomulty are reversed and the case remanded for a new trial. The judgments entered upon the bribery and second degree theft verdicts are affirmed. The new trial granted to Douglas A. Keehn is reversed, and the court instructed to enter judgment and sentence upon the verdict.

SCHOLFIELD, C.J., and COLEMAN, J., concur.

Reconsideration denied June 27, 1988.

Review denied by Supreme Court October 4, 1988.