NELSON, Appellant, vs. NELSON and another, Respondents.

*October 9—November 6, 1918.* ·

*Landlord and tenant: Lease: Construction: "Option" for an extension.*

1. In a farm lease providing that "at the option" of either party
   "this lease can be extended for one year and at the end of
   each years least *(sic)* for a period of five years from the
   date of this lease," the word "option" was not used in its
   literal sense, since the exercise of such option by one party
   in one way would nullify its exercise by the other party in a
   contrary way; and the provision is construed as giving to
   either party the right or privilege of continuing the lease as
   therein provided.
2. Under said provision, at the end of the first year either party
   could extend the lease for either one or four years, and at
   the end of the second year either party could extend the
   lease for a period of three years.
3. Where in such case the lessees held over after the expiration
   of the first year, their possession must be deemed to have
   been under the provisions of the lease, and their tenancy was
   not subject to termination as a tenancy from year to year;
   and at the end of the second year they were entitled, upon
   giving proper notice, to extend the lease for three years
   longer.

APPEAL from a judgment of the circuit court for Grant
county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

On the 10th day of February, 1915, William Nelson
executed a lease to *Christine Nelson* and *Carl T. Oss* by
which he leased to them certain lands in Grant county, "to
have and to hold the same for the term of one year from
date, to be used for agricultural purposes." The lease was
in the usual form, and on the margin thereof occurred the
following provision:

"It is further agreed and made a part of this contract that
at the option of the party of the first part or the party of the
second part this lease can be extended for one (1) year and
at the end of each years least *(sic)* for a period of five (5)
years from the date of this lease."

The lessees went into possession under the lease. Possession of the premises was not surrendered at the expiration of the year covered by the lease, the lessees simply remaining in possession, farming the premises and paying the rent in the manner provided in the written lease. No notice, either oral or written, was given to the lessor that they elected to exercise the option mentioned in the marginal note above quoted.

On June 16, 1915, the said William Nelson conveyed said premises to *Jessie A. Nelson,* the plaintiff and appellant. On April 25, 1916, the said William Nelson died. On the 29th day of August, 1916, *Jessie A. Nelson,* evidently treating the lessees as tenants from year to year, served upon them a notice terminating such tenancy and demanding a surrender of the premises on the 10th day of February, 1917. A similar notice was also served on the 8th day of January, 1917. On the 10th day of February, 1917, the lessees caused to be served on *Jessie A. Nelson* a notice that they elected to hold the premises for three years more under the option provided for in said marginal provision. On the 21st day of February, 1917, the plaintiff caused to be served upon the defendants a three days' notice to quit.

This is an unlawful detainer action to remove the defendants from the premises. It was commenced before a justice of the peace, appealed to the circuit court for Grant county, where it was tried before the court without a jury, resulting in a judgment in favor of the defendants, from which judgment plaintiff appealed.

*W. E. Howe* of Boscobel and *J. M. Clancy* of Stoughton, for the appellant.

For the respondents there was a brief by *Blaine & Kemp* of Boscobel, and oral argument by *John J. Blaine.*

OWEN, J. The plaintiff contends that from February 10, 1916, to February 10, 1917, defendants were tenants from year to year, under the statute, resulting from a holding

over after their term under the lease had expired. The defendants claim that they were holding over under the lease. The character of their possession, as to whether they were tenants holding over under the statute or tenants under the lease, is the principal question to be considered. This involves, first, a construction of the marginal clause appearing on the lease in the following words:

"It is further agreed and made a part of this contract that at the option of the party of the first part or the party of the second part this lease can be extended for one (1) year and at the end of each years least (*sic*) for a period of five (5) years from the date of this lease."

The plaintiff contends that this option is meaningless and void, because it gives the same option to either party, and the exercise of the option by one party automatically destroys the option accorded to the other. The word "option" is defined by lexicographers as the right, power, or liberty of choosing; liberty to elect between alternatives; election, choice, preference. It is apparent that if the word "option" is to be accorded its literal meaning, the exercise of the option by either party either to continue or not to continue the lease for a further period would nullify the exercise of a contrary option on the part of the other. It is obvious that both parties cannot exercise the option unless they both exercise it in the same way. If the lessee desires to continue the lease and the lessor desires to discontinue it, both options cannot be exercised. One must give way to the other. This makes it very apparent that the word "option" in the marginal clause was not used by the parties in its literal sense. That clause, manifestly, was inserted for a purpose. To accord to the term "option," as therein used, its literal meaning would be to construe the acts of the parties in inserting it as purposeless and would be an abandonment of all effort to ascertain and to give effect to the intention of the parties.

It is fundamental that in construing contracts the intention of the parties should be ascertained and enforced. We

have little doubt that this marginal note was inserted for the purpose of giving to either party the right or privilege of continuing the lease as therein provided. A provision in a lease according to one or both of the parties a right of continuing the same is not at all unusual. This, it seems clear to us, is the thought that the parties to this lease had in mind, and it was to accomplish this purpose that the clause was inserted. We so construe it.

Further analyzing this clause, we interpret it to mean this: At the end of the first year either party could extend the lease for either one year or four years. At the end of the second year either party could extend the lease for a period of three years.

"It is the generally recognized rule that where a lease provides that the tenant may have, at his option, an extension for a specified time after the expiration of the term agreed upon in the lease, or may occupy for an extended term including the term specified, the mere holding over after the expiration of the specified term will constitute an election to hold for the additional or extended term, and the tenant, after holding over beyond the first term without any new arrangement, is bound for the additional or extended term as fully and completely as though that term had been originally included in the lease when executed. The reason for this is that upon the exercise of the privilege for the extended term evidenced by the holding over, the original lease becomes a present demise for the full extended term." 16 Ruling Case Law, 894.

The same rule is laid down by other text-writers. 2 Wood, Landl. & T. p. 947; 2 Tiffany, Landl. & T. p. 1526; 24 Cyc. 1018. It has also been recognized by this court. *Peehl v. Bumbalek,* 99 Wis. 62, 74 N. W. 545.

It follows that defendants were in possession from January 10, 1916, to January 10, 1917, under the provisions of the lease; that their tenancy was not subject to termination in the manner provided by statute as to tenants from year to year; that the lessees properly exercised their option to extend the lease for a period of five years from the date

thereof; and that the judgment in their favor should be affirmed.

*By the Court.*—Judgment affirmed.