MILWAUKEE HOTEL WISCONSIN COMPANY, Respondent, vs. ALDRICH, Appellant.*

*November 30—December 30, 1953.*

* Motion for rehearing denied, with $25 costs, on March 2, 1954.

404

For the appellant there was a brief by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *James R. Mattison.*

For the respondent there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

FAIRCHILD, J.   The main question involved on this appeal is the validity of the purported lease, the material portions of which are set forth in the statement of facts above set forth.  The uncertainty with relation to the validity of said instrument is one which may be properly classified as a legal uncertainty, where consequential relief is sought, as distinguished from uncertainty in fact, and is therefore a matter in which the circuit court properly exercised its discretion and acted under sec. 269.56, Stats., of the Uniform Declaratory Judgments Act.  The pleadings in the case at bar showed an actual and *bona fide* controversy as to the validity of the lease to be determined by law, and the resulting judgment was *res adjudicata.*

A consideration of the legal uncertainty of the validity of the purported lease calls into question the application of sec. 235.01 (5), Stats.  That section, together with sec. 235.50, requires that when an instrument in writing creates an estate or interest in real property by which the title may be affected in law or equity, "except wills and leases for a term not exceeding three years," it must be signed by the president or secretary or other authorized officer of the corporation and sealed with its corporate seal, in order to be valid.  In determining whether this statute applies to the instrument involved here, it is necessary first to determine whether or not it falls within the exception of "leases for a term not exceeding three years."  In the purported lease appears the following:

"It is mutually understood between the lessor and lessee:

" . . .

"6. Lessee shall have the option to extend this lease until August 31, 1957, by giving lessor thirty days' written notice thereof prior to August 31, 1954."

The rule of law is that a lease for three years and three additional years if the lessee chooses to continue it, is a lease of itself for six years. In *Sheppard v. Rosenkrans,* 109 Wis. 58, 63, 85 N. W. 199, it is said with reference to this rule: "This is so because, if the tenant makes the election, he still holds under the original demise; there is no further act to be done by the lessor." *Nelson v. Nelson,* 168 Wis. 115, 169 N. W. 278; 3 Thompson, Real Property (perm. ed.), p. 374, sec. 1267; 32 Am. Jur., Landlord and Tenant, p. 805, sec. 956; 51 C. J. S., Landlord and Tenant, p. 630, sec. 78. It is clear that the lease involved here is an instrument in writing falling under the requirements of sec. 235.01 (5), Stats., and that that section is controlling. Since the purported lease was not signed by the president or secretary or other authorized officer of the corporation, it does not conform to the statutory requirement and is therefore not a valid instrument. *Galloway v. Hamilton,* 68 Wis. 651, 32 N. W. 636.

Sec. 235.01 (5), Stats., controls the question of the validity of the purported lease. However, on appeal, respondent, pursuant to sec. 251.264, Supreme Court Rule 10, applied to the court for permission to include in its supplemental brief additional testimony and to tax costs for all pages of its brief, including the excess over 50 pages. It will therefore be necessary to refer briefly to the facts, testimony, and findings of the trial court.

On or about February 19, 1952, the respondent served notice upon the appellant terminating a month-to-month tenancy. Appellant contended that he was in possession of the space occupied by him under the terms of a written lease

dated September 1, 1951, and based his claim of validity of the document upon the apparent authority of respondent's agent to execute the lease.

On appeal, appellant wished to confine his presentation of facts to those necessary to rebut the Fifth, Seventh, and Eighth findings of the trial court, which are to the effect that:

". . . the plaintiff's manager, Harold R. Kohler, had no authority actual, implied, or apparent to execute the lease, that he was not clothed with any indicia of authority to execute it and that there were no acts or conduct on the part of representatives of the plaintiff which would justify a belief by the defendant that Kohler had such authority and that the plaintiff had no knowledge prior to February 28th, 1952, of defendant's claim of a lease."

Appellant gives as his reason for not presenting other facts the statement of the trial court in its Sixth finding of fact:

". . . but . . . because of subsequent findings herein it is unnecessary to specifically find in reference to the actual date of the preparation, signing, and delivery of said instrument."

However, in its Sixth finding, the trial court also found that:

". . . the document under and pursuant to which the defendant claims the right to possession of said premises was not in truth and in fact signed on September 1, 1951, the date appearing upon said instrument, and that there are very unusual circumstances surrounding the actual typing and preparation of said instrument, and with respect to how, when, and where the defendant actually obtained possession of the document after the same had been signed by Harold R. Kohler; . . ."

The circumstances referred to as "unusual" by the trial court were brought to the court's attention by investigation on the part of the respondent which produced testimony of

the following character, disclosing the attempts on the part of appellant to bring into the case an invalid document:

Appellant testified that he was certain that the lease was signed on September 1, 1951, in Harold R. Kohler's office in Milwaukee. The assistant manager of the Northernaire Hotel at Three Lakes, Wisconsin, testified that, according to hotel records, Harold Kohler registered at the hotel at five o'clock in the morning of September 1, 1951, and remained there until September 3d. Appellant testified that he presumed that Mr. Kohler mailed the lease to appellant from New York in February, 1952; but he also testified that he mailed the lease to himself and copies thereof to the Milwaukee Hotel Wisconsin Company in February, 1952. Further testimony established that the envelope containing the lease mailed to appellant was postmarked February 27, 1952, and that when Mr. Lakes, an attorney, remarked to him that it appeared peculiar that a lease dated September 1, 1951, should not have been delivered to appellant until February 27, 1952, appellant said, "Well, if I destroy that envelope who is going to know the difference and who is going to be able to prove when I received that lease?" This and other testimony of the same kind existed and was the result of competent evidence.

While a determination of the actual date of the preparation, signing, and delivery of the purported lease was not considered necessary by the trial court to a final determination as to the validity of the lease, testimony revealing such unusual circumstances were material to the inquiry and led to the Sixth finding of the trial court. Because of the reference in this finding to the unusual circumstances shown to exist by the testimony produced by respondent, we consider that respondent was justified in setting out such testimony in his supplemental appendix and that it be permitted to tax

costs for all the pages of its brief including the extra printing.

*By the Court.*—Judgment affirmed. Costs to be taxed, including the extra printing.