ST. REGIS APARTMENT CORPORATION, Respondent, v. SWEITZER and wife, Appellants.

*October 5—November 1, 1966.*

428

For the appellants there was a brief and oral argument by *Royal E. Cass* of Milwaukee.

For the respondent there was a brief by *Warshafsky & Rotter*, attorneys, and *Merton N. Rotter* of counsel, all of Milwaukee, and oral argument by *Merton N. Rotter*.

WILKIE, J.   Three issues are presented on this appeal:

(1) Is a lease agreement for two years, which is automatically renewed unless either party gives notice sixty days prior to termination, a conveyance under sec. 235.50, Stats., so as to be subject to the formal requirements of sec. 235.01 (5) ?

(2) Is there an issue of fact as to whether a wife is a party to a lease if she signs the lease contract, even though she is not mentioned in the body of the lease?

(3) Is the owner of an apartment building entitled to collect a fee for rerenting the premises, even if it was not a licensed real-estate broker?

*Validity of Lease.*

Sec. 235.01 (5), Stats., provides that:

"When such conveyances are of lands or any interest therein, owned by a corporation organized under any law of this state, they shall be signed by the president or other authorized officers of the corporation, . . . and countersigned by the secretary, assistant secretary, cashier or assistant cashier, or clerk thereof; . . ."

Defendants-appellants allege that the lease in question was a conveyance and is invalid because the lease was improperly executed. Sec. 235.01 (5), Stats., requires that a lease by a corporation must be signed and

countersigned. Plaintiff-respondent failed to have the lease countersigned.

Sec. 235.50, Stats., defines the term "conveyance" as follows:

"The term 'conveyance' as used in this chapter, shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned or by which the title to any real estate may be affected in law or equity, except wills and *leases for a term not exceeding three years; . . .*" (Emphasis added.)

The lease in question was for a term of two years with an automatic renewal clause in the absence of a termination notice by either party. Appellants argue that this lease is for a period of more than three years so that the lease is a conveyance which is voided by failure to comply with sec. 235.01 (5), Stats.

In *Milwaukee Hotel Wisconsin Co. v. Aldrich* [1] the original lease was for three years and the lessee had the option to extend the term for three years. The court held that this was a lease for six years and void for failure of compliance with sec. 235.01 (5), Stats. The court said:

"The rule of law is that a lease for three years and three additional years if the lessee chooses to continue it, is a lease of itself for six years. . . . 'This is so because, if the tenant makes the election, he still holds under the original demise; there is no further act to be done by the lessor.' " [2]

In the instant case, however, the period of the lease does not include the period of time covered by the auto-

---

[1] (1953), 265 Wis. 402, 62 N. W. (2d) 14.

[2] *Milwaukee Hotel Wisconsin Co. v. Aldrich, supra,* footnote 1, at page 406, quoting from *Sheppard v. Rosenkrans* (1901), 109 Wis. 58, 63, 85 N. W. 199.

matic renewal clause. This is so because the automatic renewal clause provides that *both* the lessor and the lessee can prevent renewal of the contract by a sixty-day notice prior to the termination of the lease. In *Milwaukee Hotel* and *Sheppard* [3] the lessee had a unilateral right to bind the lessor to an additional term beyond the initial period. There is a distinction between a provision in a lease for renewal and a provision in a lease for an extension at the option of the lessee. Only the latter is treated as a demise for the full term to which it may be extended. [4] Thus, the automatic renewal provision in the lease in question is not a demise for the full term to which it may be extended and is not a conveyance subject to the formalities of sec. 235.01 (5), Stats.

Appellants also claim the lease is invalid because respondent breached the lease by an unreasonable construction. Appellants left the premises in November in clear violation of the lease, which was still effective for over a year and a half. This probably justified the action taken by respondent. Even if respondent breached the lease by unreasonably construing it, the unreasonableness of construction is not an issue which can be properly settled in a motion for summary judgment. Affidavits containing ultimate facts are ineffectual in considering a motion for summary judgment and affidavits dealing with factual matters must be clear and conclusive to be a basis for granting summary judgment. [5] Both of these standards bar a consideration of the reasonableness of contract construction on a motion for summary judgment.

---

[3] *Sheppard v. Rosenkrans, supra,* footnote 2.

[4] 32 Am. Jur., Landlord and Tenant, p. 805, sec. 956.

[5] *Leszczynski v. Surges* (1966), 30 Wis. (2d) 534, 141 N. W. (2d) 261.

### Is Ursula Sweitzer a Party?

Appellants urge that summary judgment should have been granted as to Ursula Sweitzer because she was not a party to the lease. Although Mrs. Sweitzer was not named as lessee in the body of the lease, she signed the lease directly under her husband's name in a space designated "lessee."

"The general rule . . . is that when the body of the contract purports to set out the names of the parties thereto and a person not named in the body of the contract signs the contract, and there is nothing in the contract to indicate that such person signed as a party, such person is not bound by the contract and hence not liable thereunder." [6]

A. L. R. cites *Nutrena Mills v. Earle* [7] to support this proposition and appellants urge that this authority controls the question of whether Ursula Sweitzer was a party.

We think not. *Nutrena Mills* holds:

". . . when the body of a contract purports to set out the names of the parties to the contract, and a person not named therein signs the contract, and there is nothing to indicate that such person signed as a party, such person is not bound." [8]

Thus *Nutrena Mills* does not hold that, under all circumstances, a person who signs a contract although not named in the body of the contract, is not a party to the contract. *Nutrena Mills* involved a financing agreement between a turkey-farm grower and Nutrena. The grow-

---

[6] Anno. 94 A. L. R. (2d) 686, 696. The cases appear to be equally divided between those supporting the general rule and those that hold that the signer of a contract who is not named in the contract may still be liable.

[7] (1961), 14 Wis. (2d) 462, 111 N. W. (2d) 491, 94 A. L. R. (2d) 686.

[8] *Supra,* footnote 7, at page 466.

er's mother signed the contract beneath the grower's name so that the signatures looked like this:

"Witnesses

| | | | |
|---|---|---|---|
| /s/ | Dean S. Knight | Grower: | /s/ Roger C. Earle |
| | | (mother) | /s/ Althea Taylor Earle |
| /s/ | Helen Haas | Nutrena Mills, Inc. | |
| | | By | /s/ Ed. L. Kienholz" |

The grower (Earle) defaulted and Nutrena brought suit against the mother as a party to the contract. The trial judge sustained a demurrer by the mother, holding she mistakenly placed her name beneath that of the grower's and was not a party to the contract.

The supreme court affirmed, stating that the trial court's construction was the only one which would give effect to all parts of the contract without reaching an inconsistency. Pointing out that there was nothing in the contract to indicate that the mother intended to sign as a grower, the court refused to permit such an inference from the position of her signature alone.

The trial court correctly determined that *Nutrena Mills* was not applicable to the case at bar. In *Nutrena* the signer preceded her name by the word "mother" rather than the word "grower," which would have indicated she was a party to the contract. In the instant case, Mrs. Sweitzer signed the contract directly under her husband's name in a space designated "lessee." This at least creates an ambiguity about whether she or the lessor felt she was a party to the contract. Moreover, Mrs. Sweitzer benefited under the contract and occupied a relationship to the other signer which would indicate she was a party. These factors tend to establish, under a reasonable construction of the contract, that the contract itself indicated that Mrs. Sweitzer intended to be a party. The trial court was correct in overruling defendants' demurrer and in denying summary judgment to Ursula Sweitzer on this ground.

In *Nutrena* the court also refused to permit parol evidence to resolve the controversy. Justice CURRIE, in a well-reasoned dissent, argued that the signature of the mother created a patent ambiguity in the contract so that parol evidence should be admissible to resolve this ambiguity. We believe this to be a better statement of the law and overrule *Nutrena* to this extent. This is additional reason for supporting the trial court's denial of summary judgment sought by the defendants.

### Owner's Right to Rental Fee.

The appellants urge that St. Regis Corporation is not entitled to collect fees for expenses incurred in rerenting the premises because the corporation is not a licensed real-estate broker. Sec. 136.01 (2) (a), Stats., defines a real-estate broker as one who rents an interest or estate in real estate for another. Appellants argue that respondent was rerenting on behalf of appellants. Respondent owns this property and is renting the premises for its own benefit. Moreover, the respondent lessor is under a duty to rerent in an attempt to minimize damages.[9] Respondent is allowed to charge the collection fee specified in the contract, $180, on rerenting its own property to minimize damages which would accrue against the appellants. It is not barred because it did not have a real-estate broker's license.

*By the Court.*—Order affirmed.

[9] See lease clause: "That if the Lessee shall abandon or vacate said premises before the expiration of said term, the Lessor shall be at liberty, at his option, to re-let the same and apply the money derived from such re-letting to the rent due or to become due on this lease and the Lessee shall remain liable for any deficiency and agrees to pay the same." See also *Selts Investment Co. v. Promoters of the Federated Nations of the World* (1929), 197 Wis. 476, 220 N. W. 222, 222 N. W. 812.