**J. R. McDONALD et ux., Appellants,**

v.

**Clarence W. ROEMER, Appellee.**

No. 15249.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 23, 1974.

Rehearing Denied Feb. 27, 1974.

Clark Murray, Floresville, for appellants.

Archie G. Wilder, Stockdale, for appellee.

BARROW, Chief Justice.

Appellants, J. R. McDonald and wife, Mary McDonald, have perfected their appeal from a judgment entered on a jury verdict, whereby appellee recovered judgment against appellants for the sum of $1,500 as damages for breach of an agricultural lease of 64 acres of land in Wilson County.

The principal question is whether the lease is for a longer term than one year and, thus, within the statute of frauds, to-wit, Article 1288 and Article 3995, subdivision 4, Vernon's Tex.Rev.Civ.Stat.Ann.[1] Although the lease was in writing, the description of the property is not adequate for a written conveyance. See Republic

---

1. Article 1288: "No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing."

Article 3995: "No action shall be brought in any court in any of the following cases, un-

less the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

. . .

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year; . . . ."

National Bank of Dallas v. Stetson, 390 S. W.2d 257 (Tex.1965); Blum v. Dismuke, 314 S.W.2d 635 (Tex.Civ.App.—Houston 1958, writ dism'd).

The lease which was entered into on February 12, 1970, by Mary L. McDonald, as landlord, and Clarence W. Roemer, as tenant, is on a form of the U. S. Department of Agriculture, and was required in order that Roemer might secure a crop loan through the Farmers Home Administration. The lease provides in part: "The term of this lease shall be *One* year(s) from *Feb. 12, 1970*, to *Feb. 12, 1971*, and this lease shall continue in effect from year to year thereafter until written notice of termination is given by either party to the other at least *Two* months before expiration of this lease or any renewal." No written notice of termination was given, but tenant was ejected by February 12, 1971, and sued for damages caused by his inability to make a crop in 1971.

■ A lease for a term of one year, but with an option to *lessee* to extend the term thereof for an additional period, is held to be a demise for the entire period and, thus, within the statute of frauds. Bateman v. Maddox, 86 Tex. 546, 26 S.W. 51 (1894); Weatherford v. Lee, 364 S.W. 2d 730 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.); Dees v. Thomason, 71 S.W.2d 591 (Tex.Civ.App.—Waco 1934, writ ref'd). However, a distinction is made between a provision in a lease for a renewal with permission of lessor, and a provision for the extension of the term at the option of the lessee; and only the latter is treated as a demise for the full term. Bailey v. Willeke, 185 S.W.2d 456 (Tex. Civ.App.—Austin 1945, reformed and affirmed, 144 Tex. 157, 189 S.W.2d 477

[1945]); Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265 (1939); Hill v. Brown, 225 S. W. 780 (Tex.Civ.App.—Dallas 1920, reversed on other grounds, 237 S.W. 252 [Tex.Comm'n App.1922, jdgmt. adopted]); St. Regis Apartment Corp. v. Sweitzer, 32 Wis.2d 426, 145 N.W.2d 711 (1966); 50 Amer.Jur.2d, Landlord and Tenant, Section 1156.

■ Here the lease was for a term of one year, with either party having the right to terminate same at the end of such term. Therefore, the lease agreement was not within the statute of frauds so as to require a written conveyance. Appellants' first, second and fourth points are, therefore, overruled.

■ The third point complains of the action of the trial court in rendering a judgment against J. R. McDonald in that there is no basis for liability against him. The ownership of the leased land was not shown. However, the lease was executed solely by Mary McDonald, as landlord, and the consideration was paid solely to her. There is absolutely no evidence to show any basis for liability against J. R. McDonald. This defect was timely urged to the trial court by a motion for judgment non obstante veredicto, as well as by motion for new trial. The trial court, therefore, erred in entering judgment against J. R. McDonald.

The judgment of the trial court against J. R. McDonald is reversed, and it is here rendered that appellee take nothing against him. The judgment against Mary McDonald is affirmed. The costs of this appeal are taxed one half to appellee and one half to appellant, Mary McDonald.