Norman V. NEWMAN, Plaintiff,

v.

Richard E. WANLAND, Michael E. Wellek, and American National Bank and Trust Company of Chicago, As Trustee under Trust Nos. 5144, 53738 and 53793, Defendants.

No. 85 C 2265.

United States District Court, N.D. Illinois, E.D.

March 6, 1986.

---

Robert J. Pugliese, Peter F. Vaira, Chicago, Ill., for Trustee.

Mauree Martin, Michael R. Flaherty, Chicago, Ill., for Jones & Brown.

Mark L. Hellner, Chicago, Ill., for J.S. Reimer Inc.

Thomas Apple, Lansing, Ill., for other intervenors.

Morton H. Cohon, Chicago, Ill., for Wanland.

David N. Missner, Bruce A. Harwood, Chicago, Ill., for Wellek & American.

Wayne Daidone, Herbert Lesser, Chicago, Ill., for other defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

Presently before the court is the motion of two of the defendants to dismiss the complaint of plaintiff, Norman B. Newman. After briefing on the motion, the court granted leave to intervene to a group of subcontractors who claim they have been injured by the same acts which form the basis of Newman's complaint. The intervenor's have also filed briefs in opposition to defendants' motion. The moving defendants contend that Count I, which is brought under 18 U.S.C. § 1961 *et seq.*, Racketeer Influenced and Corrupt Organizations Act ("RICO"), and which provides one of the alleged basis for the court's jurisdiction, is barred by the statute of limitations. Defendants also contend that plaintiffs' assertion of this court's jurisdiction pursuant to 28 U.S.C. § 157 is improper. Therefore, defendants argue, if the RICO counts are time-barred, the court lacks jurisdiction over the remaining counts and the complaints should be dismissed. For the reasons discussed below, defendants' motion to dismiss is denied.

The first complaint in this case was filed on March 20, 1985, by Norman B. Newman as Trustee in Bankruptcy for WWI Corporation (the "Trustee") against Richard E. Wanland, Michael G. Wellek, and American National Bank and Trust Company of Chicago, as Trustee under Trust Nos. 5144, 53738 and 53793 ("American National"). On August 6, 1985, this court granted the motion of certain subcontractors (the "plaintiff subcontractors") to intervene in this action. The intervenors' complaints allege substantially the same violations of federal and state law as does the Trustee's complaint. All the complaints charge that defendants engaged in a continuing conspiracy to violate Section 1962(c) of RICO, and thereby injured plaintiffs in their business and property.

The parties have extensively briefed the issue of what limitations period this court should adopt. This discussion was

made necessary by Congress' failure to provide a limitations period for RICO causes of action. When Congress fails to provide a limitations period, the settled practice is for the courts to adopt the most analogous state time limit. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985). No uniform period for RICO actions has yet been adopted by the federal courts. Defendants urge this court to adopt the two year period applied to punitive actions, ILL.REV.STAT. ch. 110, § 13–202. Not *surprisingly*, plaintiffs argue for the five-year period applied to fraud actions in Illinois, ILL.REV.STAT. ch. 110, ¶ 13–215. In this district there is a split among the judges on this issue. Judge Norgle favors application of the five year period, *see, Mancuso v. Elliot*, No. 84 C 7382, slip op. at 4 (N.D.Ill. Jan. 21, 1985), while Judges Hart and Moran favor the two year period. (Judge Hart's decision is found in *Electronic Relays (India) Pvt., Ltd. v. Joseph Pascente*, 610 F.Supp. 648 (N.D.Ill.1985), Judge Moran's opinion is found in *Bolingbrook Properties II v. Irvin*, No. 84 C 10480, slip op. at 2 (N.D.Ill. Aug. 5, 1985) [Available on WESTLAW, DCTU database] ). The court finds Judge Hart's opinion persuasive, and, for the reasons articulated there, adopts a two year statute of limitations for RICO causes of action.

■ Whenever a federal court adopts a limitations period from the forum state, state law determines the length of the period, but federal law determines when the period begins to run. The rule applied to an alleged continuing conspiracy is that the limitations period begins to run from the last overt act of the conspiracy.[1] *Baker v. F & F Investments*, 420 F.2d 1191, 1200 (7th Cir.1970); *see, also, In re Corrugated Container Antitrust Litigation*, 661 F.2d 1145 (7th Cir.1981). The complaints allege overt acts which occurred less than two years before the complaints were filed. For example, from June 8, 1984 through August 6, 1984, after WWI had been adjudicated bankrupt, Wanland transferred $6,417.44 of the funds of WWI to various individuals. On October 25, 1984, Wanland lied to attorneys for the Trustee in order to conceal the true nature of the scheme to defraud. Whether or not these acts were in furtherance of the conspiracy remains to be determined. At this point all the court concludes is that, if a trier of fact should determine that these acts were in furtherance of the conspiracy, then the plaintiffs' claims are not time barred.

■ In addition, defendants overlook the rule that the equitable tolling doctrine is read into every federal limitations period. *Schaefer v. First National Bank of Lincolnwood*, 509 F.2d 1287, 1297 (7th Cir. 1975). Thus, if the limitations period has otherwise expired, the equitable doctrine is applied to toll the period until the plaintiffs knew or should have known of the acts which constitute the fraud. See *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984); *Hochfelder v. Midwest Stock Exchange*, 503 F.2d 364, 375 (7th Cir.1974); *see, also, Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984) and *Clute v. Davenport Co.*, 584 F.Supp. 1562, 1577 (D.Conn.1984) (applying accrual and tolling doctrines to RICO fraud actions). Here plaintiffs contend the conspiracy did not "begin to come to light" until August 1983 and September 1983, when Wellek and Wanland were deposed in state court mechanics lien actions. Thus, plaintiffs argue, even if no acts in furtherance of the conspiracy occurred within the limitations period, the period still did not begin until August 1983 at the earliest; their actions, having been filed in August, 1985, are therefore not time-barred.

■ Plaintiffs, however, ignore the second prong of the test—they do not address the question of when plaintiffs "should have known" of the fraud. Defendants do not address this part of the test either. In the court's view, the ques-

---

1. Defendants argue for the rule articulated in *Baldwin v. Loew's, Inc.*, 312 F.2d 387 (7th Cir. 1963) that the statute begins to run when the "blow" was struck which caused the damage. But *Baldwin* involved a single act of conspiracy, not, as here, a continuing conspiracy.

tion of when plaintiffs should have known of the fraud raises factual issues which go beyond the allegations in the complaint. The need for resolution of these factual questions requires denial of defendants' motion to dismiss. The court also notes that defendants took steps to conceal the fraud. Fraudulent concealment tolls the limitations period until plaintiff is aware of the fraud.[2]

Because the court holds that defendants' have failed to show that the RICO claims of the Trustee and the intervenors are barred by the statute of limitations, it is unnecessary to consider defendants' arguments as to this court's jurisdiction under 28 U.S.C. § 157. For the reasons discussed above, the motion to dismiss is denied.

---

**2.** The Trustee also contends that the limitations period on WWI's claims did not begin to run until after the appointment of a Trustee in Bankruptcy. Until that time, there was no one who could act on behalf of WWI and discover defendants' fraudulent scheme. The court agrees with this reasoning. Thus, since the Trustee was not appointed until June 1984, the Trustees RICO claim is timely.