HANSER, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 8—March 5, 1935.*

588

*Charles D. Ashley* and *Francis C. Quilty,* both of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *L. A. Buckley,* district attorney of Washington county, and oral argument by *Mr. Buckley.*

ROSENBERRY, C. J. A number of questions are raised in this case. It will not be necessary for us to consider all of them. The contention of the state is that the defendant gave the notes in question with the then present fraudulent intent to convert to his own use and embezzle the moneys secured thereby; that the defendant having failed and refused to repay the money when demanded, a *prima facie* case of embezzlement is made under sec. 343.21; that whether or not the defendant had produced proof which rebutted this presumption was a matter for the jury, and the jury having found the defendant guilty, the judgment of conviction should be affirmed.

In the first place there is not a single thing in the record from which it can be inferred that the defendant was possessed of a fraudulent and unlawful intent on the 28th day of July, 1927. Everything that he did with reference to acquiring the title to the real property in South Milwaukee was done with the knowledge and approval of his associates. When they learned of the fact that he had taken the title to the property in his own name, they took no steps to disaffirm the transaction. They demanded a conveyance. When he finally declined to convey, in April, 1928, they demanded back their contribution to the enterprise, and accepted from the defendant the notes given on July 28, 1927, requiring, as a condition of the acceptance, that the wife of the defendant

become a comaker. They afterward brought suit upon these notes, having in the meantime accepted payments of interest and procured a judgment upon which the sum of $5,000 was realized. When they accepted these notes they gave an assignment of "any and all interest which I own or hold in a partnership, owning buildings and real estate in South Milwaukee, Wisconsin."

Whatever the arrangement between the three men had been previously, it was on the 2d day of April, 1928, terminated, settled, and adjusted.

It is elementary law that liabilities growing out of a debtor-creditor relationship cannot be made the basis of a charge of embezzlement. It is equally well settled that where a note is given not in good faith, but merely as a part of a fraudulent scheme of obtaining possession of money from another, the mere giving of the note does not determine conclusively the nature of the transaction. See *Stecher v. State,* 202 Wis. 25, 231 N. W. 168. No circumstances at all comparable to those in the *Stecher Case* appear in this case. No one testifies to the concealment of any material fact with one exception, and that occurred long after the alleged fraudulent act complained of. Rode testified that some time in September or October the defendant told him that he used some of the money in his, the defendant's fur shop. How it was used, for what it was used, or whether or not it amounted to a conversion of the partnership assets, does not appear. However, the defendant is not being prosecuted for conversion of assets belonging to the partnership. He is prosecuted on the ground that "as bailee or trustee of Charles Rode, he fraudulently converted to his own use, money belonging to Charles Rode of the value of $3,000."

Upon the evidence there can be no doubt that the three men engaged in some sort of a joint enterprise for their mutual benefit. It is equally apparent that if the defendant converted any moneys it was money belonging to the enterprise. The

books of account offered and received in evidence are entirely unsatisfactory and are hardly worthy the name of books of account. But it is not necessary to pursue the matter further. The record is barren of any evidence which shows that the relationship as between the defendant and Rode was, as respects the $3,000 anything other than that of debtor and creditor. All moneys expended by the defendant were expended for partnership purposes, so far as the evidence shows, with the single exception referred to, and that refers to funds of the partnership, if it may be called such, rather than to the funds of Rode. Having, at the demand of the complaining witness and Roethle, assumed all the losses of the venture, he cannot be convicted of a crime because he cannot pay his notes.

*By the Court.*—The judgment appealed from is reversed, with directions to discharge the defendant.