MASLOWSKI, Appellant, v. BITTER and another, Respondents.

*April 6—May 5, 1959.*

For the appellant there was a brief and oral argument by *Paul Pike Pullen* of Milwaukee.

For the respondents there was a brief and oral argument by *William R. Gold* of Milwaukee.

FAIRCHILD, J.  The theory of plaintiff's complaint and the substance of his proof upon the trial were that the agreement between Bitter and plaintiff made them partners. Not only did they agree, according to plaintiff, that profits were to be divided equally, but losses were to be shared equally and the properties acquired were to be owned in common. Plaintiff nowhere suggested that the agreement made him Bitter's employee, except to the extent that the fourth alternative cause of action offered after the defendants' motion to dismiss might be open to that interpretation.

If a partnership did exist, it could not lawfully do business without a broker's license. "No person shall engage in . . . the business . . . of . . . a real-estate broker . . . without a license." Sec. 136.02, Stats. "Person" includes a partnership. Sec. 990.01 (26). A "real-estate broker" is a person engaged in the business of selling real estate whether or not the real estate is owned by the person. Sec. 136.01 (2) (b). If a partnership be licensed, its license entitles one member of the partnership to act as a broker and for each other who desires to act as a broker, an additional license (broker's, not salesman's) shall be obtained. Sec. 136.07 (2). In 1957 the attorney general advised that if two licensed brokers formed a partnership, the partnership should obtain a separate license. 46 Op. Atty. Gen. 1.

Plaintiff was actively engaged in the business of the alleged partnership. He held a salesman's license which authorized him to act as an employee of a broker. Sec. 136.01 (3), Stats. As a licensed employee he would not be

barred by sec. 136.11 from suing for compensation for his services as an employee. In this action, however, he is not suing for compensation for services rendered as an employee, but is seeking an accounting for the assets and profits of a partnership.

Because plaintiff claimed an agreement whereby he would share losses as well as profits and would own an interest in the property acquired, we cannot disregard his calling the relationship a partnership as his mere legal conclusion. His case must stand or fall upon the theory of partnership. If his proposed fourth alternative cause of action be interpreted as an attempt to recover on an employment theory, we do not find an abuse of discretion on the part of the circuit court in denying leave to amend after plaintiff had maintained the partnership theory through a substantial part of the trial.

If the agreement created a partnership, the business of the partnership was carried on in an unlawful manner because the partnership was unlicensed. Furthermore, as stated by the circuit court, plaintiff, as partner, was acting as a broker although he held a license which permitted him to act only as a broker's employee. The public has an interest and a right to hold one who acts as a real-estate broker to a higher standard of competence and responsibility than one who so acts only under supervision as an employee. A partner cannot compel an accounting where the partnership was organized for the purpose of conducting a lawful business in an unlawful manner. *Brill v. Salzwedel* (1940), 235 Wis. 551, 556, 292 N. W. 908; 40 Am. Jur., Partnership, p. 358, sec. 326.

We point out that the alleged agreement was not one merely to buy and sell a piece of real estate as an isolated joint venture. Plaintiff's testimony was that he and Bitter engaged in this course of business for over a year and that there were repeated transactions. As heretofore indicated,

we do not view this as a situation where a licensed salesman and his broker employer agree that the employee's compensation is to be measured in whole or in part by a percentage of profits realized by the employer on certain transactions.

*By the Court.*—Judgment affirmed.