STATE EX REL. STATE BAR of WISCONSIN, Appellant, v. KELLER, Respondent.

*October 25, 1963.*

PER CURIAM. We have, as required by the order of the supreme court of the United States, reconsidered this matter in the light of *Sperry v. Florida.* [1] We said in our original opinion that the interstate commerce commission (p. 387), "can no more authorize persons unlicensed in this state to practice law here than could the public service commission of Wisconsin." To the extent that such statement is inconsistent with *Sperry,* it is withdrawn.

Sperry was registered to practice before the United States Patent Office but was not admitted to the bar of Florida. The supreme court of Florida enjoined Sperry from certain activities with respect to patent matters and from otherwise engaging in the practice of law in Florida. The supreme court of the United States determined that although the preparation and prosecution of patent applications for others constitute the practice of law and could, in the absence of federal statutes, be regulated by the states, the federal statutes permit the commissioner of patents to authorize nonlawyers to practice before the patent office. The commissioner has done so and the state's control over the practice of law within its borders must yield (p. 402), "to the limited extent necessary for the accomplishment of the fed-

---

[1] (1963), 373 U. S. 379, 83 Sup. Ct. 1322, 10 L. Ed. (2d) 428.

eral objectives." The order of the supreme court of Florida was vacated since it prohibited Sperry (p. 404), "from performing tasks which are incident to the preparation and prosecution of patent applications before the Patent Office."

The court said, however (p. 402) :

"Because of the breadth of the injunction issued in this case, we are not called upon to determine what functions are reasonably within the scope of the practice authorized by the Patent Office. The Commissioner has issued no regulations touching upon this point. We note, however, that a practitioner authorized to prepare patent applications must of course render opinions as to the patentability of the inventions brought to him, and that it is entirely reasonable for a practitioner to hold himself out as qualified to perform his specialized work, so long as he does not misrepresent the scope of his license." [2]

The attorney general apparently concedes that Keller's license to practice before the interstate commerce commission stands upon a footing similar to Sperry's authority to practice before the patent office, and that upon the authority of *Sperry* the courts of Wisconsin must not enjoin the holder of such license from activities in Wisconsin which constitute either representation of persons before the interstate commerce commission or are incident to such representation.

It is clear enough that Keller's appearance as a representative of others at hearings of the interstate commerce commission held in Wisconsin and his presentation of their matters at such hearings are authorized by his federal license and are not to be enjoined. The difficulty arises in determining what other activities within Wisconsin would be incident to a representation of clients before the interstate commerce commission, whether the hearings were held in this state or elsewhere. We think that it is clear, following

---

[2] Footnote No. 47, 373 U. S. 402.

the reasoning of *Sperry,* that Keller is not to be enjoined from preparing in Wisconsin such applications to the interstate commerce commission and similar documents of a type which would, in matters before that commission, be counterparts of pleadings in matters before a court. We think also that when clients consult him in Wisconsin about matters which they would like to have him submit to the interstate commerce commission, he may give them opinions as to the impact upon their matters of the federal law and regulations which would govern the interstate commerce commission in hearing and deciding such matters.

Counsel for Keller contends that there are a number of situations where persons engaged in interstate commerce would require the issuance of permits or other actions both by the interstate commerce commission and the public service commission of Wisconsin, and he argues that this subject-matter relationship should make Keller's practice before the public service commission of Wisconsin an incident to his practice before the interstate commerce commission. He also apparently takes the position that where leases and contracts must be approved by the interstate commerce commission, such leases and contracts may be drawn by a practitioner licensed by that commission. We do not consider either contention correct. Although we recognize that he may advise whether a particular lease or contract complies with federal law or regulations, leases and contracts create substantive rights and obligations of parties and to prepare them and advise concerning their significance other than their standing under the interstate commerce laws and regulations would constitute the practice of law outside the scope of his practice before the interstate commerce commission.

Our original opinion herein directed the issuance of an injunction restraining respondent from certain activities therein specified. To be proper under the *Sperry* decision and the order of the supreme court of the United States in

this case, the injunction must be so drawn as to make it clear that respondent Keller is not enjoined from the following activities:

1. Giving advice and instruction to persons informing them of their rights and obligations as to matters pending before the interstate commerce commission or to be presented to said commission;
2. Preparing applications and other documents of a procedural nature for use in submitting matters to the interstate commerce commission;
3. Appearing before said interstate commerce commission at any hearings, formal or informal, even though within this state, and representing persons at such hearings as permitted by said commission;
4. Holding himself out as qualified to perform the foregoing services in interstate commerce commission matters so long as he does not misrepresent the scope of his interstate commerce commission license.

The injunction should, however, include a restraint against respondent's performing any services in a representative capacity with respect to proceedings before the Wisconsin public service commission.

Therefore, we enter a new mandate herein, as follows: Order reversed, and cause remanded with directions to enter an injunction not inconsistent with the original opinion herein as modified by the memorandum on remand from the supreme court of the United States.