ROY E. HAYS, Secretary-Counsel, Wisconsin Real Estate Examining Board
You have requested my opinion on a number of questions relating to the rental of properties by unlicensed brokers, the drafting of leases, and the status of security deposits in rental situations.
"1. Does an individual who is an officer of a corporation or a partner of a partnership, which corporation or partnership owns apartment complexes, require a real estate broker's license for the rental of said apartments by said individual on behalf of said corporation or partnership in accordance with Section 452.01 (2) (a) and 452.01 (6) (e) of the Wisconsin Statutes?" *Page 2 
It is my opinion that, where the corporation or partnership is the owner of the property and the individual concerned acts for the corporation or for the partnership in the rental of such property, no real estate broker's license is required.
Neither the corporation, nor the partnership could engage in the business of selling real estate to the extent that a pattern of real estate sales is established, even if the property were owned by such corporation. Nor could unlicensed individuals act for them. This is because sec. 452.01 (2) (b), Stats., defines real estate broker as any person not exempted by sub. (6), who:
"Is engaged wholly or in part in the business of selling real estate to the extent that a pattern of real estate sales is established, whether or not such real estate is owned by such person; or * * *."
Section 452.03, Stats., prohibits any person from engaging in the business of a real estate broker without a license.
See State ex rel. Real Estate Exam. Bd. v. Gerhardt (1968),39 Wis.2d 701, 159 N.W.2d 622.
However, it is clear that, while real estate brokers can engage in the rental of real estate for others and for a commission, there is no statutory prohibition against an owner of real estate from renting the property he owns without engaging the services of a licensed broker.
Section 452.01 (2) (a), (6) (e), Stats., provides in part:
"(2) `Real estate broker' means any person not excluded by sub. (6), who:
"(a) For another, and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an interest or estate in real estate;
"(6) `Real estate broker' does not include:
"(e) Any custodian, janitor, employe or agent of the owner or manager of a residential building who exhibits a *Page 3 
residential unit therein to prospective tenants, accepts applications for leases and furnishes such prospective tenants with information relative to the rental of such unit, terms and conditions of leases required by the owner or manager, and similar information."
Even sec. 452.01 (6) (e), Stats., as created by ch. 56, Laws of 1969, recognizes that there are cases where the owner or manager of the property concerned might not have to be licensed.
Corporations, of course, act through officers or agents.
In St. Regis Apartment Corp. v. Sweitzer (1966), 32 Wis.2d 426,145 N.W.2d 711, it was claimed that St. Regis Apartment Corporation, a lessor of the property involved, could not recover fees for expenses incurred in rerenting the premises because the corporation was not a licensed real estate broker. At page 434 the court stated:
"* * * Sec. 136.01 (2) (a), Stats., defines a real-estate broker as one who rents an interest or estate in real estate for another. Appellants argue that respondent was rerenting on behalf of appellants. Respondent owns this property and is renting the premises for its own benefit. Moreover, the respondent lessor is under a duty to rerent in an attempt to minimize damages. Respondent is allowed to charge the collection fee specified in the contract, $180, on rerenting its own property to minimize damages which would accrue against the appellants. It is not barred because it did not have a real-estate broker's license."
I am of the opinion that, since a corporation does not have to be licensed to rent property owned by it, or in which it has an interest as lessor, its officers need not be licensed to complete the act where they are paid or receive salary from the corporation. An officer could not receive a commission from the renter in such case without being licensed.
The same reasoning is applicable to a partner who rents real estate owned by the partnership. It is true, of course, that where a partnership is engaged in the sale of real estate as a pattern, or is engaged in the rental of real estate owned *Page 4 
by others, for a commission, both partners must be licensed if they both are to act as real estate brokers. Secs. 452.07 (2), 452.05 (1), Stats.
 Maslowski v. Bitter (1959), 7 Wis.2d 167, 96 N.W.2d 349. Frankenthal v. Wisconsin Real Estate Brokers' Board
(1958), 3 Wis.2d 249, 88 N.W.2d 352.
"2. Would the fact that said corporation is owned substantially by said individual or the fact that said partnership is a partnership of man and wife or a partnership created by joint tenancy alter this situation?"
I am of the opinion that the additional facts given in this question would not alter the answer to the first question.
"3. May this individual as outlined in Paragraph 1, draft leases on behalf of said partnership or corporation if they are not licensed as a broker and as an exception to Section 256.30 of the Wisconsin Statutes? Said drafting might include the completion of fill-in type forms originally either drafted by an attorney or secured from a printing company."
Section 256.30, Stats., provides a penalty for practicing law without a license.
State ex rel. Reynolds v. Dinger (1961), 14 Wis.2d 193, 109 N.W.2d 685, and State ex rel. State Bar v. Keller (1963), 21 Wis.2d 100,123 N.W.2d 905, recognize that the drafting of leases and contracts by a layman for another, even where there is a filling in of blank forms, constitutes the practice of law.
The problem here, of course, is that the officer of the corporation is acting for the corporation with respect to a lease of corporate property.
I am not aware of any court decision which bars an individual owner from drafting a lease covering property he owns, and am of the opinion that a court would not hold a corporate officer guilty of practicing law without a license where the drafting is for a corporate purpose and involves corporation property. Such a strict interpretation would require every car dealer to have a lawyer draft a contract of sale which is, of course, a legal document, or, in the alternative, be licensed as a lawyer. *Page 5 
"4. If your answer to Paragraph 1 is yes, then may that individual or may any licensed real estate broker place a provision in the rental lease relieving the broker of the obligation of placing security deposits in the broker's real estate trust account as required by section 452.09 of the Wisconsin Statutes and REB 6.01 of the Administrative Rules of the Board?"
"5. May a broker complete leases, changing said lease to provide that the security deposit is to be paid to the principal or is a broker prohibited from handling a transaction where this is required by the principal?"
While the answer to question one was in the negative, some mention should be made of the problem of security deposits as the phrasing of your question demonstrates an apparent misconception of their nature and a failure to differentiate between a landlord-tenant relationship and a landlord-tenant relationship where a real estate broker is acting as agent for the landlord.
Questions involving security deposits cannot be answered in the abstract. They are usually created by written documents and the language of the document must be referred to in each case.
Deposits involving landlord-tenant are treated in 49 Am. Jur. 2d,Landlord and Tenant, § 651-657. Such deposits usually create a debtor-creditor relationship rather than a trust situation, with title remaining in the lessee until the deposit is properly applied. The contract can provide that the lessor pay the lessee interest on the deposit; however, in the usual case, it does not and the lessor is held accountable only for correct application of the stated amount and return of any excess. Some states, such as New York, have by statute transformed the usual debtor-creditor relationship into one of trust by application of law.
See Annotations at 27 ALR 2d 656, 659, 15 ALR 2d 1199.
The Wisconsin court has, in two cases, apparently considered a debtor-creditor relationship to exist. *Page 6 
 Beach v. Gehl (1931), 204 Wis. 367, 235 N.W. 778. Elmor Realty Co. v. Community Theatres, Inc. (1932), 208 Wis. 76, 241 N.W. 632.
Where a mere debtor-creditor relationship exists, there appears to be no requirement to treat the deposit as trust funds, to keep the funds intact or to account for increase if deposited in an interest-bearing account. A trust situation could be created by written document however.
The obligation of a broker is somewhat different, however, resort must be made to the written documents in each case. In any case, where the broker is handling trust funds, there must be compliance with sec. 452.09, Stats., and REB 6.01.
While security deposits can be trust funds, especially where held by a broker, under agreement with landlord, tenant and broker, those parties could contract that security deposits be paid directly to the landlord or that the broker shall pay said deposit to the landlord within a certain number of days. There is no real reason why a broker should be obligated to hold such deposits during the entire period of tenancy. There is usually a dispute as to their proper allocation at the termination of a tenancy and the broker might well avoid being the long term caretaker. Section 452.09, Stats., recognizes that where trust funds are received by a broker, that even where they must be deposited in his trust account, they "may be paid out to one of the parties pursuant to such contract * * *."
"6. If a broker deposits security deposits in all account other than his real estate trust account, who is entitled to interest income that may accrue on said deposits, or is the tenant entitled to interest on said money when used by the landlord principal?"
No answer can be given to this question absent examination of the actual documents involved with respect to the establishment of the security deposit. The only safe rule for the broker to follow is to deposit such moneys in a noninterest-bearing trust account as required by sec. 452.09, Stats., and REB 6.01. He should treat such funds as trust funds absent specific agreement between the landlord, tenant and broker as to incidents of owners, hip, etc. *Page 7 
Where he is acting solely for the landlord, there is no question that he has a duty to account his principal and to refrain from attempting to make undisclosed profits.
 Pederson v. Johnson (1919), 169 Wis. 320, 324, 172 N.W. 723, 724.
 Hilboldt v. Wisconsin R. E. Brokers' Bd. (1965), 28 Wis.2d 474, 137 N.W.2d 482.
 12 Am. Jur. 2d, Brokers, § 99, Duty to Account and Keep Accounts.
"7. Would an unlicensed individual renting his own properties or acting as a partner or an officer of a partnership or corporation owning properties, which individual corporation or partnership accepts security damage deposits from tenants, but fails to return same to tenants when no damage has occurred, be subject to prosecution under Section 943.20 (1) (b) of the Wisconsin Statutes."
As pointed out above, absent a statute impressing a trust on such deposits, or absent a contract been the landlord and tenant that such deposit be held by the landlord or third person in trust, a special deposit usually creates a debtor-creditor relationship. Liabilities glowing out of a debtor-creditor relationship ordinarily cannot be made the basis of a charge of embezzlement. Hanser v. State (1935),217 Wis. 587, 259 N.W. 418. There is a possibility that, depending on the circumstances, see. 943.20 (1) (d), could be violated.
RWW:RJV