DOUGLAS LAFOLLETTE, Secretary of State
You ask whether the drafting of Articles of Incorporation and other corporate documents by persons not licensed to practice law would constitute practicing law without a license.
In State ex rel. Junior Asso. of Milwaukee Bar v. Rice (1940),236 Wis. 38, 294 N.W. 550, the court recognized that it was probably impossible to formulate an all-inclusive definition of the practice of law and that the general trend in this area was to determine each case upon its own particular fact situation.
It is therefore necessary to examine the statutes and the case law in order to determine what types of activities constitute the practice of law.
Section 256.30 (2), Stats., provides:
 "Every person who shall appear as agent, representative or attorney, for or on behalf of any other person, or any firm, copartnership, association or corporation in any action or proceeding in or before any court of record, court commissioner, or judicial tribunal of the United States, or of any state, or who shall otherwise, in or out of court for *Page 174 
compensation or pecuniary reward give professional legal advice not incidental to his usual or ordinary business, or render any legal service for any other person, or any firm, copartnership, association or corporation, shall be deemed to be practicing law within the meaning of this section."
The provisions of ch. 256 dealing with complaints for disbarment or discipline and the basic definition of what constitutes the practice of law for purposes of criminal prosecution do not serve as a limitation upon the court's power to regulate the practice of law. In re Integration of Bar (1958),5 Wis.2d 618, 93 N.W.2d 601, and State ex rel. Junior Asso. ofMilwaukee Bar v. Rice, supra. Rather, these statutes are viewed as an aid to the judicial power vested in the courts.
This office recognized in 49 OAG 79 (1960), that the Wisconsin Supreme Court has long taken the view that it has the inherent or implied power to control the practice of law. Numerous cases from other jurisdictions cited in 49 OAG 79 recognize the concept that the courts have the power to regulate the practice of law and therefore determine what activities constitute the practice of law.
In State ex rel. Junior Asso. of Milwaukee Bar v. Rice, supra, the court considered whether certain activities of an independent insurance adjuster constituted the practice of law. The court stated, at page 54:
 ". . . Giving advice as to legal rights is clearly the function of lawyers. Rendering legal advice for compensation as a customary practice is held to be practicing law under all of the authorities (Brand, Unauthorized Practice Decisions); and such activities on the part of a layman constitute the practice of law by him. An adjuster may communicate to his employer an opinion obtained from an attorney, and may communicate to a claimant an opinion, or the truthful substance of it, rendered by counsel for his employer, or that of a local attorney employed by the defendant, but he may not communicate an opinion of an attorney as his own."
The adjuster could report the finding of his investigation of the facts of the accident and give his opinion as to these facts, but he could not make any recommendations either to the insurance company or claimants as to the advisability of paying or rejecting *Page 175 
claims or presenting claims, since this would involve an analysis of the legal rights and responsibilities of the parties.
In State ex rel. State Bar v. Keller (1963), 21 Wis.2d 100,123 N.W.2d 905, the court, in a per curiam opinion in a case remanded from the United States Supreme Court, acknowledged that it could not prevent Keller, a nonlawyer, from appearing in a representative capacity before the Interstate Commerce Commission nor from performing such activities incident to such representation because of federal preemption. However, Keller asserted that his practice before the ICC included the drafting of leases and contracts required to be approved by the Interstate Commerce Commission. The court recognized that Keller could advise whether leases and contracts would comply with federal regulations but stated that
 ". . . leases and contracts create substantive rights and obligations of parties and to prepare them and advise concerning their significance other than their standing under the interstate commerce laws and regulations would constitute the practice of law outside the scope of his practice before the interstate commerce commission." Keller, supra, 21 Wis.2d 100, at 103.
In The Florida Bar v. Town (1965), 174 So.2d 395, the Florida court addressed itself directly to the question of whether one who is not a lawyer has engaged in the practice of law when he prepares a corporate charter and other related documents. In holding that the drafter had engaged in the practice of law, the court relied on many of the same considerations which the Wisconsin courts have thought important when formulating a general definition of what constitutes the practice of law. At pages 396-397 the Florida court quotes from an earlier opinion:
 "`It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court. *Page 176 
 "`We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitutes the practice of law.' (Emphasis supplied.)" State ex rel. Florida Bar v. Sperry (1962), 140 So.2d 587, 591.
The tests applied by the Florida court as to whether the giving of advice and the performance of such services affects important rights of a person and whether the giving of such advice requires the possession of legal skill and knowledge above that possessed by the average citizen, are similar to those adopted by the Wisconsin court and other courts.
Based on these principles, I conclude that drafting Articles of Incorporation and other corporate documents constitutes the practice of law.
However, in some instances the courts have permitted limited unlicensed practice of law by non-lawyers. State ex rel. Reynoldsv. Dinger (1961), 14 Wis.2d 193, 109 N.W.2d 685, involved a challenge to rules authorizing licensed real estate brokers to use standardized forms to construct deeds, land contracts, conditional sale contracts, etc. which were the subject of discussion in 49 OAG 79 (1960). The court held that the rules did in fact permit to a limited extent the practice of law by nonlawyers. However, the court refused to void the rule because it felt in this instance that this practice was a "time-honored method of conveyancing" by licensed real estate brokers which had always worked well in practice. Dinger at p. 205.
The facts in State ex rel. Reynolds v. Dinger are materially different from the facts here. For example, Form 2 adopted in 1973 entitled "Articles of Incorporation," is a single form which purports to be sufficient for any corporation organized under *Page 177 
ch. 180 of the Wisconsin Statutes. The form itself calls for a number of basic decisions concerning the period of existence of the corporation, the purposes of the corporation, the number of shares, the types of shares, and the preferences, limitations, designations, and relative rights of each class or series of shares. These matters, as you are well aware, can be relatively simple or quite complex depending on the objects sought to be accomplished by the incorporators. This is particularly true of the options available under Art. V for spelling out preferences, limitations, designations, and relative rights of each class or series of stock. These decisions can be at least as complex, if not more complex, than the types of decisions which were characterized as the practice of law in the Dinger case.
The court in Dinger was able to find a long-standing practice dating back to at least 1874 of real estate brokers drafting and completing statutory forms similar to those under consideration in the case. The court also found a long-standing practice of the board requiring general education in legal problems related to real estate transactions. The court noted that the Real Estate Brokers Board publishes an official pamphlet for its members which contemplates that a real estate broker will have knowledge of, and will be able to apply, the complexities of transfers or modifications of title to, or interests in, real estate. Thus, the selection and use of forms by the broker and counseling of the broker's clients on their use occurs under circumstances where substantial safeguards for the public are provided through educational requirements of the Real Estate Brokers Board.
No such long-standing practice of parallel educational requirements exist here. Indeed, this office and the State Bar have consistently advised individuals that the drafting of Articles of Incorporation constitutes the practice of law and has prosecuted persons drafting such documents. Further, while the public is protected by the fact that brokers are required to have an understanding of the complexities of real estate law well in excess of that which might be held by the average member of the public, no such requirement exists for a similar group of individuals in the field of drafting of corporate documents.
Based upon the test adopted by the Wisconsin Supreme Court and courts in other jurisdictions, I conclude that drafting of the Articles of Incorporation, as a contract defining the legal rights *Page 178 
and obligations between the corporation and its shareholders and between the shareholders, does constitute the practice of law for which a license is required. There is nothing in the fact situation as you have presented it to me to take this situation out of the general rule that requires one to have a license to practice law before performing activities which constitute the practice of law. The general rule is binding unless the question raised falls squarely within established exceptions or the Wisconsin Supreme Court relaxes the restrictions.
BCL:LLD