Real Estate Examining Board
You request clarification of several matters relating to 60 Op. Att'y Gen. 1 (1971), which stated that by reason of the exception in sec. 452.01 (6)(e), Stats., no real estate broker's license is required by an individual who is an officer of a corporation or a partner of a partnership which owns apartment complexes, to act for the corporation or partnership in the rental of such property.
Your questions as renumbered and restated are:
 1. Does a corporation not licensed as a real estate broker violate ch. 452, Stats., if it allows its nonlicensed employes, who are not corporate officers, to negotiate for and sign apartment leases of property owned by the corporation?
 2. Does a corporation not licensed as a real estate broker violate ch. 452, Stats., if it allows its nonlicensed agents, who are not corporate officers or employes, and who operate as independent contractors, to negotiate for and sign apartment leases of property owned by the corporation?
This opinion assumes that such employes or agents have been granted power by the appropriate corporate officers to sign leases and to negotiate on behalf of the corporation. See sec.706.03 (1), (2), *Page 24 
(3), Stats., which is partially material. Section 452.01 (6)(e), Stats., does not authorize employes or agents to execute leases on behalf of owners or managers of a residential building, but merely authorizes them to accept applications for leases without being licensed. The exception does not permit them to engage in full scale negotiations for leases, although the corporate officers could give them corporate authority to do that, but attempts to set the limits to which negotiation may extend without the necessity of a license.
There is no need to set forth the full terms of secs. 452.01
(2)(a), (b), (6)(e), and 452.03, Stats., which have not been materially altered since the 1971 opinion.
I am of the opinion that the answer to question one is no. The reasoning in 60 Op. Att'y Gen. 1, 3 (1971), as to corporate officers is applicable to employes. The answer to your second question is that the owner corporation would probably not be in violation of ch. 452, Stats., but that the independent contractors would be if they in fact negotiated or offered to negotiate a lease, for the owner corporation and for a commission in a style and manner in excess of the strict limits of sec.452.01 (6)(e), Stats. Independent contractor agents, as individuals or corporations, would be exempt from licensing only if they limited their activities to the strict limits of the tasks specified in sec. 452.01 (6) (e), Stats., that is, "exhibits a residential unit therein to prospective tenants, accepts applications for leases and furnishes such prospective tenants with information relative to the rental of such unit, terms and conditions of leases required by the owner or manager, and similar information," or if such agents were exempt by reason of subsec. (6)(c), (d).
BCL:RJV